**FILED**

DEC 2 3 2005

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Carl Roger Davis and
Jo Elaine Davis
P.O. Box 6207
Branson, Missouri

Plaintiff Citizens In Party
Judiciary Act of 1789 § 35

CASE NUMBER  1:05CV02474

JUDGE: Rosemary M. Collyer

DECK TYPE: Pro se General Civil

DATE STAMP: 12/23/2005

# District Court of the United States[1]
# District of Columbia

Carl Roger Davis and Jo Elaine Davis,

    Plaintiffs,

      **v.**

UNITED STATES [GOVERNMENT]

    Respondent.

Case Nº:

**VERIFIED COMPLAINT**

**Demand for Jury Trial**

    COME NOW Carl Roger Davis and Jo Elaine Davis, in his/her own right, <u>Faretta v. California,</u> 422 US 809, and with Assistance of Counsel, Id., AMENDMENT VI, UNITED STATES CONSTITUTION, JUDICIARY ACT OF 1789, 1 Stat. 73, § 35, and 28 USC § 2072(b), and the INTERNATIONAL COVENANT ON CIVIL AND POLITICAL RIGHTS, implemented by EXECUTIVE ORDER 13107 on December 10, 1998, <u>63 Federal Register 240, pp 68991-68993</u> and for cause(s) of action, aver(s):

I.    **PARTIES**

    A.    Plaintiffs are Citizens of Missouri, a Republic, "State in this Union," as established in ART. IV § 4 UNITED STATES CONSTITUTION, domiciled at the address shown above.

    B.    Respondent is the UNITED STATES [GOVERNMENT].

II.    **JURISDICTION**

    A.    This action is brought pursuant to section 7433 of the Internal Revenue Code, *Vol 68A, Stat 3, § 7433*, <u>26 USC § 7433</u>, for

---

[1] As designated in Title 26, United States Code, § 7433.

Carl Roger Davis and
Jo Elaine Davis
P.O. Box 6207
Branson, Missouri

Plaintiff Citizens In Party
Judiciary Act of 1789 § 35

# District Court of the United States[1]
# District of Columbia

Carl Roger Davis and Jo Elaine Davis,    Case Nº:

      Plaintiffs,    **COMPLAINT**

        **v.**    **Demand for Jury Trial**

UNITED STATES [GOVERNMENT]

      Respondent.

COME NOW Carl Roger Davis and Jo Elaine Davis, in his/her own right, <u>Faretta v. California</u>, 422 US 809, and with Assistance of Counsel, Id., AMENDMENT VI, UNITED STATES CONSTITUTION, JUDICIARY ACT OF 1789, 1 Stat. 73, § 35, and 28 USC § 2072(b), and the INTERNATIONAL COVENANT ON CIVIL AND POLITICAL RIGHTS, implemented by EXECUTIVE ORDER 13107 on December 10, 1998, <u>63 Federal Register 240, pp 68991-68993</u> and for cause(s) of action, aver(s):

I.    PARTIES

    A.    Plaintiffs are Citizens of Missouri, a Republic, "State in this Union," as established in ART. IV § 4 UNITED STATES CONSTITUTION, domiciled at the address shown above.

    B.    Respondent is the UNITED STATES [GOVERNMENT].

II.    JURISDICTION

    A.    This action is brought pursuant to section 7433 of the Internal Revenue Code, *Vol 68A, Stat 3, § 7433*, <u>26 USC § 7433</u>, for

---

[1] As designated in Title 26, United States Code, § 7433.

a)    negligent disregard of numerous sections of the Internal Revenue Code of 1986, as amended, *Vol 68A, Stat 3, § 7433(a)*, Title 26, United States Code § 7433, by officers and employees of the Internal Revenue Service.

B.    This action is brought also pursuant to the ADMINISTRATIVE PROCEDURE ACT, June 11, 1946, ch 324, 60 Stat 237, as amended; Title 5 United States Code §§ 704, and 706(1), respectively,

1.    to compel agency action unlawfully withheld or unreasonably denied; and,

2.    for judicial review of final agency actions for which there is no other adequate remedy in a court.

C.    Plaintiffs have exhausted administrative remedies available, as specified in the Affidavits attached hereto.

D.    The District Court of the United States, District of Columbia, has jurisdiction pursuant to

1.    section 7433(a) of the Internal Revenue Code of 1986, as amended, *Vol 68A, Stat 3, § 7433(a)*, Title 26, United States Code, § 7433(a); and

2.    the ADMINISTRATIVE PROCEDURE ACT, June 11, 1946, ch 324, 60 Stat 237, as amended; Title 5 United States Code § 704, for final agency actions for which there is no other adequate remedy in a court,;

3.    the ADMINISTRATIVE PROCEDURE ACT, June 11, 1946, ch 324, 60 Stat 237, as amended; Title 5 United States Code § 706(1),  to compel agency action unlawfully withheld or unreasonably denied.

E.    The Court further:

1.    has federal question jurisdiction with respect to federal record-keeping matters pursuant to Title 28 United States Code § 1331;

2.    jurisdiction of action in the nature of mandamus to compel performance of a duty by an officer or employee of an agency of the United States, pursuant to P. L. 87-748, § 1(a), 76 Stat. 744, Title 28 United States Code § 1361, and,

3.    has jurisdiction under the ALL WRITS ACT, Title 28 United States Code §

1651[2].

F.    Venue is proper in the District of Columbia, the Seat of Government, (4 USC § 71, 72, 73); Title 28 United States Code § 1391.

DEMAND FOR TRIAL BY JURY

G.    Plaintiffs demand that the Federal Rules of Civil Procedure, Rule 1, Scope and Purpose of Rules, shall govern this action, and Plaintiffs shall preserve, inviolate, their **right of trial by jury** under Rule 38, and right of discovery disclosures without request prescribed under Rule 26, concurrent with Defendants answer pursuant to Rule 7(a) and Rule 8(b), with no other pleadings allowed except upon Order of the Court as provided by law.  The **<u>JURY</u>** shall decide all issues including immunity, and shall decide upon all claims in this suit.

III.    ISSUES

A.    Section 7433(a) of the Internal Revenue Code, *Vol 68A, Stat 1, § 7433(a)*, states:

"If, in connection with any collection of Federal tax with respect to a taxpayer, any officer or employee of the Internal Revenue Service recklessly or intentionally, or by reason of negligence, disregards any provision of this title, or any regulation promulgated under this title, such taxpayer may bring a civil action for damages against the United States in a district court of the United States. Except as provided in section 7432, such civil action shall be the exclusive remedy for recovering damages resulting from such actions.

B.    Title 26, United States Code § 7433(a) is legal evidence of Internal Revenue Code section 7433(a). *61 Stat. 638*, 1 USC § 204.

C.    Federal tax regulation 301.7433-1(a), Title 26, Code of Federal Regulations, § 301.7433-1(a), reiterates,

"If, in connection with the collection of a federal tax with respect to a

---

[2] 28 USCS § 1651 was enacted to meet cases where there was no specific process provided by statute, John Gund Brewing Co. v United States (1913, CA8 ND) 204 F 17, *mod* (CA8 ND) 206 F 386, and is necessary because federal courts, being courts of limited jurisdiction, would not otherwise possess tools necessary to implement their jurisdictional grants. ITT Community Development Corp. v Barton (1978, CA5 Fla) 569 F2d 1351.

taxpayer, an officer or an employee of the Internal Revenue Service recklessly or intentionally[3] disregards any provision of the Internal Revenue Code or any regulation promulgated under the Internal Revenue Code, such taxpayer may bring a civil action for damages against the United States in federal district court."

IV.    FACTUAL BACKGROUND Administrative Proceedings

A.    On or about October 25, 2000, our Attorney, Milton Baxley, filed a notice of due process violations with the Internal Revenue Service District Director in Oklahoma City, Oklahoma, and provided an opportunity to the said District Director to produce competent evidence of defendant's compliance, through its agent, with section 6001, subsection (d) of the Internal Revenue Code, *Vol 68A, Stat 1, § 6001(d)*, and, authority for operation of sections 6201, 6321, and 6331, *Vol 68A, Stat 1, §§ 6201, 6321, 6331,* upon those denied the notice mandated in section 6001, subsection (d).

1.    Title 26, United States Code §§ 6001(d), 6201, 6321, and 6331 are legal evidence of Internal Revenue Code sections 6001(d), 6201, 6321, and 6331. *61 Stat. 638,* 1 USC § 204.

2.    Said Attorney correspondence was sent by Certified Mail, return receipt # Z217734641, and is a federal record as defined in the Federal Records Act, 82 Stat 1297. Title 44, United States Code § 3101, *et seq* is legal evidence of the Federal Records Act.

3.    Defendant, through its agent, failed to produce competent evidence of defendant's compliance with section 6001, subsection (d) of the Internal Revenue Code, *Vol 68A, Stat 1, § 6001(d)*, in response to our attorney's correspondence.

4.    Defendant, through its agent, failed to produce competent evidence of authority for operation of sections 6201, 6321, and 6331, *Vol 68A, Stat 1, §§ 6201, 6321, 6331* upon those denied the notice mandated in *Vol 68A,*

---

[3] The July, 2002 edition of RIA Federal Tax Regulations includes the note: "Caution: The Treasury has not yet amended Reg §301.7433-1 to reflect changes made by P.L. 105-206, P.L. 104-168," reflecting the addition of negligence as a basis for disregard of provision of Title 26, United States Code,, or any regulation promulgated under Title 26, United States Code,

2.     Defendant, through its agent, failed to produce competent evidence of defendant's claims for 1992, 1993, and 1994.

E.     On or about November 12, 2001, our Attorney, Milton Baxley filed a Complaint of due process violations with the Internal Revenue Service General Counsel, regarding the failures of the Service Center Director and the Chief, Automated Collection System, to produce competent evidence of authority or claims.

1.     Said Attorney correspondence was sent by FAX to General Counsel's office, and is a federal record as defined in the Federal Records Act, 82 Stat 1297. Title 44, United States Code § 3101, et seq is legal evidence of the Federal Records Act.

2.     Defendant, through its agent, failed to respond, or to produce competent evidence of defendant's claims for 1992, 1993, and 1994.

F.     On or about June 18, 2002, an individual identifying himself as Internal Revenue Agent Timothy E. Noonan contacted me, Roger Davis. This individual caller was told to contact our Attorney, Milton Baxley.

G.     On or about June 19, 2002, the individual identifying himself as Internal Revenue Agent Timothy E. Noonan sent a notice of appointment to me, setting a date of July 1, 2002, to discuss alleged tax years 1999 and 2000.

H.     On or about July 1, 2002, the individual identifying himself as Internal Revenue Agent Timothy E. Noonan sent a notice of his intent to contact other persons regarding the information sought by appointment.

I.     On or about July 8, 2002, our Attorney, Milton Baxley notified Noonan that unauthorized disclosure is a violation of section 6103 of the Internal Revenue Code, 68A Stat 1, § 6103, objecting to third party contacts; notifying Noonan of Internal Revenue Code section 7602's implementation through Title 27, Code of Federal Regulations; and of a possible action for damages under Internal Revenue Code section 7431. Said Attorney Correspondence also notified Noonan that section 1203 of the IRS Restructuring and Reform Act of 1998 called for termination for misconduct for violations of rights found in the Constitution, and the Internal Revenue Code, including unauthorized disclosure.

1.     Title 26, United States Code §§ 6103, 7602, and 7431 are legal evidence

of Internal Revenue Code sections 6103, 7602, and 7431. *61 Stat. 638*, 1 USC § 204.

2.  Said Attorney correspondence was sent by FAX to Noonan's office, and is a <u>federal record</u> as defined in the Federal Records Act, 82 Stat 1297. Title 44, United States Code § 3101, *et seq* is legal evidence of the Federal Records Act.

3.  Defendant, through its agent, failed to respond.

J.  On or about July 8, 2002, our Attorney Milton Baxley responded to Noonan's offer of a Collection Due Process hearing.[4]

1.  Defendant, through its agent, failed to respond.

K.  On or about July 22, 2002, the individual identifying himself as Internal Revenue Agent Timothy E. Noonan sent a notice of appointment to me, setting a date of July 29, 2002, to discuss alleged additional tax years 1995 through 1998 and 2001.

L.  On or about July 26, 2002, our Attorney ,Milton Baxley notified Noonan that section 2 of Title 31, Code of Federal Regulations, Part 1, Subpart C, Appendix B, called for Noonan to provide access to records of Noonan's authority, including his oath of office, commission, and bond, and requesting same.

1.  Defendant, through its agent, failed to respond, or produce the records.

M.  On or about July 29, 2002, Noonan continued his harassment, "rescheduling" his "appointment" for August 5, 2005.

N.  On or about August 14, 2002, our Attorney, Milton Baxley filed another TIGTA complaint for Noonan's failure to produce evidence of his enforcement authority.

1.  TIGTA failed to respond.

O.  On or about December 12, 2002, the individual identifying himself as Internal Revenue Agent Timothy E. Noonan issued a Form 2039 Summons "In the matter of Roger C. Davis    P.O. Box 421 / 6167    Branson, Missouri  65615" (sic) to Trans Union Corporation seeking testimony and records for a planned criminal investigation.

1.  Internal Revenue Agent Timothy E. Noonan failed to notify Plaintiff

---

[4] We have no copy of such offer.

Roger Carl Davis of the issuance of such Third Party Summons, as required by section 7609 of the Internal Revenue Code of 1986, *68A Stat 1, § 7609.*

2.  Upon information and belief, such Third Party Summons was issued in retaliation for our Attorney's TIGTA complaint for Noonan's failure to produce evidence of his enforcement authority.

3.  Upon information and belief, Noonan's failure to give the notice required by statute was in retaliation for our Attorney's TIGTA complaint for Noonan's failure to produce evidence of his enforcement authority.

P.  On or about December 12, 2002, the individual identifying himself as Internal Revenue Agent Timothy E. Noonan issued a Form 2039 Summons "In the matter of Roger Carl Davis    P.O. Box 421 / 6167    Branson, Missouri 65615" (sic) to CSC Credit Services seeking testimony and records for a planned criminal investigation.

1.  Internal Revenue Agent Timothy E. Noonan failed to notify Plaintiff Roger Carl Davis of the issuance of such Third Party Summons, as required by section 7609 of the Internal Revenue Code of 1986, *68A Stat 1, § 7609.*

2.  Upon information and belief, such Third Party Summons was issued in retaliation for our Attorney's TIGTA complaint for Noonan's failure to produce evidence of his enforcement authority.

3.  Upon information and belief, Noonan's failure to give the notice required by statute was in retaliation for our Attorney's TIGTA complaint for Noonan's failure to produce evidence of his enforcement authority.

Q.  On or about December 12, 2002, the individual identifying himself as Internal Revenue Agent Timothy E. Noonan issued a Form 2039 Summons "In the matter of Roger C. Davis    P.O. Box 421 / 6167    Branson, Missouri 65615" (sic) to Experian seeking testimony and records for a planned criminal investigation.

1.  Internal Revenue Agent Timothy E. Noonan failed to notify Plaintiff Roger Carl Davis of the issuance of such Third Party Summons, as required by section 7609 of the Internal Revenue Code of 1986, *68A Stat*

*1, § 7609.*

2.      Upon information and belief, such Third Party Summons was issued in retaliation for our Attorney's TIGTA complaint for Noonan's failure to produce evidence of his enforcement authority.

3.      Upon information and belief, Noonan's failure to give the notice required by statute was in retaliation for our Attorney's TIGTA complaint for Noonan's failure to produce evidence of his enforcement authority.

R.    On or about December 12, 2002, the individual identifying himself as Internal Revenue Agent Timothy E. Noonan issued a Form 2039 Summons "In the matter of Roger C. Davis    P.O. Box 421 / 6167    Branson, Missouri 65615" (sic) to Martin Enterprises seeking testimony and records for a planned criminal investigation.

1.      Internal Revenue Agent Timothy E. Noonan failed to notify Plaintiff Roger Carl Davis of the issuance of such Third Party Summons, as required by section 7609 of the Internal Revenue Code of 1986, *68A Stat 1, § 7609.*

2.      Upon information and belief, such Third Party Summons was issued in retaliation for our Attorney's TIGTA complaint for Noonan's failure to produce evidence of his enforcement authority.

3.      Upon information and belief, Noonan's failure to give the notice required by statute was in retaliation for our Attorney's TIGTA complaint for Noonan's failure to produce evidence of his enforcement authority.

S.    On or about December 12, 2002, the individual identifying himself as Internal Revenue Agent Timothy E. Noonan issued a Form 2039 Summons "In the matter of Jo Elaine Davis    P.O. Box 421 / 6167    Branson, Missouri 65615" (sic) to Martin Enterprises seeking testimony and records for a planned criminal investigation.

1.      Internal Revenue Agent Timothy E. Noonan failed to notify Plaintiff Jo Elaine Davis of the issuance of such Third Party Summons, as required by section 7609 of the Internal Revenue Code of 1986, *68A Stat 1, § 7609.*

2.      Upon information and belief, such Third Party Summons was issued in

retaliation for our Attorney's TIGTA complaint for Noonan's failure to produce evidence of his enforcement authority.

3. Upon information and belief, Noonan's failure to give the notice required by statute was in retaliation for our Attorney's TIGTA complaint for Noonan's failure to produce evidence of his enforcement authority.

T. On or about May 18, 2004, an individual identifying himself as Internal Revenue Special Agent James "Tony" Strother (sic) issued a Form 2039 Summons "In the matter of Roger Carl Davis, 232 Arizona Dr., Branson, Missouri 65616" (sic) to Annette's Bookkeeping Services, Inc., seeking testimony and records for a planned criminal investigation.

1. The individual identifying himself as Special Agent James "Tony" Strother (sic) is a *criminal investigator*, as signified by the title, "Special Agent." This presumption is supported by the fact that the Third Party Summonses at issue specifically identify Special Agent Strother as an employee of the Internal Revenue Service Criminal Investigation Division.

2. The individual identifying himself as Special Agent James "Tony" Strother (sic) is bound by the Administrative Procedure Act to know that use of administrative summonses for purposes of criminal investigation/prosecution is expressly prohibited in INTERNAL REVENUE CODE section 7602, subsection (d), paragraph (1), 26 USC 2 7602(d)(1).

3. The individual identifying himself as Special Agent James "Tony" Strother (sic) failed to notify Plaintiff Roger Carl Davis of the issuance of such Third Party Summons, as required by section 7609 of the Internal Revenue Code of 1986, *68A Stat 1, § 7609*.

4. Upon information and belief, Strother's failure to give the notice required by statute was intended to defeat the application of section 7609 of the Internal Revenue Code of 1986, *68A Stat 1, § 7609*, punishable by fine or imprisonment under Internal Revenue Code section 7214(a)(3).

5. Upon information and belief, Special Agent James "Tony" Strother's

1        failure to give the notice required by statute was in retaliation for our

2        Attorney's TIGTA complaint for Noonan's failure to produce evidence of

    his enforcement authority.

3

6.    Upon information and belief, such Third Party Summons was issued in

4        retaliation for our Attorney's TIGTA complaint for Timothy Noonan's

5        failure to produce evidence of his enforcement authority.

7.    The individual identifying himself as Special Agent James "Tony"

6        Strother (sic) is bound by the Administrative Procedure Act to know that

7        the IRS Restructuring and Reform Act of 1998 makes grounds for

    termination.

8

8.    Upon information and belief, such retaliation for our Attorney's TIGTA

9        complaint for Timothy Noonan's failure to produce evidence of his

10       enforcement authority is extortion or willful oppression under color of law

11       punishable by fine or imprisonment under Internal Revenue Code section

    7214(a)(1).

12

U.    On or about May 18, 2004, the individual identifying himself as Internal Revenue

13   Special Agent James "Tony" Strother (sic) issued a Form 2039 Summons "In the

14   matter of Roger Carl Davis, 232 Arizona Dr., Branson, Missouri 65616" (sic) to

Jeffrey Long, CPA seeking testimony and records for a planned criminal

15   investigation.

16       1.    The individual identifying himself as Special Agent James "Tony"

17       Strother (sic) is a *criminal investigator*, as signified by the title, "Special

    Agent." This presumption is supported by the fact that the Third Party

18       Summonses at issue specifically identify Special Agent Strother as an

19       employee of the Internal Revenue Service Criminal Investigation

20       Division.

21       2.    The individual identifying himself as Special Agent James "Tony"

    Strother (sic) is bound by the Administrative Procedure Act to know that

22       use of administrative summonses for purposes of criminal

23       investigation/prosecution is expressly prohibited in INTERNAL

    REVENUE CODE section 7602, subsection (d), paragraph (1), 26 USC 2

24

7602(d)(1).

3. The individual identifying himself as Special Agent James "Tony" Strother (sic) failed to notify Plaintiff Roger Carl Davis of the issuance of such Third Party Summons, as required by section 7609 of the Internal Revenue Code of 1986, *68A Stat 1, § 7609.*

4. Upon information and belief, Special Agent James "Tony" Strother's failure to give the notice required by statute was in retaliation for our Attorney's TIGTA complaint for Noonan's failure to produce evidence of his enforcement authority.

V. On or about May 18, 2004, the individual identifying himself as Internal Revenue Special Agent James "Tony" Strother (sic) issued a Form 2039 Summons "In the matter of Roger Carl Davis, 232 Arizona Dr., Branson, Missouri 65616" (sic) to Ozark Mountain Bank seeking testimony and records for a planned criminal investigation.

1. The individual identifying himself as Special Agent James "Tony" Strother (sic) is a *criminal investigator*, as signified by the title, "Special Agent." This presumption is supported by the fact that the Third Party Summonses at issue specifically identify Special Agent Strother as an employee of the Internal Revenue Service Criminal Investigation Division.

2. The individual identifying himself as Special Agent James "Tony" Strother (sic) is bound by the Administrative Procedure Act to know that use of administrative summonses for purposes of criminal investigation/prosecution is expressly prohibited in INTERNAL REVENUE CODE section 7602, subsection (d), paragraph (1), 26 USC 2 7602(d)(1).

3. The individual identifying himself as Special Agent James "Tony" Strother (sic) failed to notify Plaintiff Roger Carl Davis of the issuance of such Third Party Summons, as required by section 7609 of the Internal Revenue Code of 1986, *68A Stat 1, § 7609.*

4. Upon information and belief, Special Agent James "Tony" Strother's

failure to give the notice required by statute was in retaliation for our Attorney's TIGTA complaint for Noonan's failure to produce evidence of his enforcement authority.

5.  Upon information and belief, such Third Party Summons was issued in retaliation for our Attorney's TIGTA complaint for Timothy Noonan's failure to produce evidence of his enforcement authority.

W.  On or about May 18, 2004, the individual identifying himself as Internal Revenue Special Agent James "Tony" Strother (sic) issued a Form 2039 Summons "In the matter of Roger Carl Davis, 232 Arizona Dr., Branson, Missouri 65616" (sic) to Branson Bank seeking testimony and records for a planned criminal investigation.

1.  The individual identifying himself as Special Agent James "Tony" Strother (sic) is a *criminal investigator*, as signified by the title, "Special Agent." This presumption is supported by the fact that the Third Party Summonses at issue specifically identify Special Agent Strother as an employee of the Internal Revenue Service Criminal Investigation Division.

2.  The individual identifying himself as Special Agent James "Tony" Strother (sic) is bound by the Administrative Procedure Act to know that use of administrative summonses for purposes of criminal investigation/prosecution is expressly prohibited in INTERNAL REVENUE CODE section 7602, subsection (d), paragraph (1), 26 USC 2 7602(d)(1).

3.  The individual identifying himself as Special Agent James "Tony" Strother (sic) failed to notify Plaintiff Roger Carl Davis of the issuance of such Third Party Summons, as required by section 7609 of the Internal Revenue Code of 1986, *68A Stat 1, § 7609.*

4.  Upon information and belief, Special Agent James "Tony" Strother's failure to give the notice required by statute was in retaliation for our Attorney's TIGTA complaint for Noonan's failure to produce evidence of his enforcement authority.

5.  Upon information and belief, such Third Party Summons was issued in

retaliation for our Attorney's TIGTA complaint for Timothy Noonan's failure to produce evidence of his enforcement authority.

6.   The individual identifying himself as Special Agent James "Tony" Strother (sic) is bound by the Administrative Procedure Act to know that the IRS Restructuring and Reform Act of 1998 makes retaliation grounds for termination.

X.   On or about May 18, 2004, the individual identified as Internal Revenue Special Agent James "Tony" Strother (sic) of the Internal Revenue Service Criminal Investigation Division issued a Form 2039 Summons "In the matter of Roger Carl Davis, 232 Arizona Dr., Branson, Missouri 65616" (sic) to me, Plaintiff Roger Carl Davis, seeking testimony and records for a criminal investigation.

1.   The individual identifying himself as Special Agent James "Tony" Strother (sic) is a *criminal investigator*, as signified by the title, "Special Agent." This status is confirmed by the fact that the Third Party Summonses at issue specifically identify Special Agent Strother as an employee of the Internal Revenue Service Criminal Investigation Division.

2.   The individual identifying himself as Special Agent James "Tony" Strother (sic) is bound by the Administrative Procedure Act to know that use of administrative summonses for purposes of criminal investigation/prosecution is expressly prohibited in INTERNAL REVENUE CODE section 7602, subsection (d), paragraph (1), 26 USC 2 7602(d)(1).

3.   Special Agent James "Tony" Strother (sic) is bound by the Administrative Procedure Act to know that the Fifth Amendment to the United States Constitution protects me, Roger Carl Davis, against any compulsion to give evidence that might or might not tend to incriminate me.

4.   Special Agent James "Tony" Strother (sic) is bound by the Administrative Procedure Act to know that his attempt to compel me to give evidence that might or might not tend to incriminate me is a violation of the Fifth Amendment to the United States Constitution.

5. Special Agent James "Tony" Strother (sic) is bound by the Administrative Procedure Act to know that there is no "tax exception" to my Fifth Amendment rights.

6. The individual identifying himself as Special Agent James "Tony" Strother (sic) is bound by the Administrative Procedure Act to know that the IRS Restructuring and Reform Act of 1998 makes harassment – in the form of such attempt to compel me to give evidence that might or might not tend to incriminate me in violation of my Fifth Amendment rights – is grounds for termination.

7. Special Agent James "Tony" Strother (sic) is bound by the Administrative Procedure Act to know that such attempt is extortion or willful oppression under color of law punishable by fine or imprisonment under Internal Revenue Code section 7214(a)(1).

Y. On or about May 18, 2004, the individual identifying himself as Internal Revenue Special Agent James "Tony" Strother (sic) issued a Form 2039 Summons "In the matter of Roger Carl Davis, 232 Arizona Dr., Branson, Missouri 65616" (sic) to Oak Bluff Management Trust seeking testimony and records for a planned criminal investigation.

1. The individual identifying himself as Special Agent James "Tony" Strother (sic) is a *criminal investigator*, as signified by the title, "Special Agent." This presumption is supported by the fact that the Third Party Summonses at issue specifically identify Special Agent Strother as an employee of the Internal Revenue Service Criminal Investigation Division.

2. The individual identifying himself as Special Agent James "Tony" Strother (sic) is bound by the Administrative Procedure Act to know that use of administrative summonses for purposes of criminal investigation/prosecution is expressly prohibited in INTERNAL REVENUE CODE section 7602, subsection (d), paragraph (1), 26 USC 2 7602(d)(1).

3. Upon information and belief, Special Agent James "Tony" Strother's

failure to give the notice required by statute was in retaliation for our Attorney's TIGTA complaint for Noonan's failure to produce evidence of his enforcement authority.

4. The individual identifying himself as Special Agent James "Tony" Strother (sic) failed to notify Plaintiff Roger Carl Davis of the issuance of such Third Party Summons, as required by section 7609 of the Internal Revenue Code of 1986, *68A Stat 1, § 7609*.

5. Upon information and belief, such Third Party Summons was issued in retaliation for our Attorney's TIGTA complaint for Timothy Noonan's failure to produce evidence of his enforcement authority.

6. The individual identifying himself as Special Agent James "Tony" Strother (sic) is bound by the Administrative Procedure Act to know that the IRS Restructuring and Reform Act of 1998 makes retaliation grounds for termination.

Z. On or about May 18, 2004, the individual identifying himself as Internal Revenue Special Agent James "Tony" Strother (sic) issued a Form 2039 Summons "In the matter of Roger Carl Davis, 232 Arizona Dr., Branson, Missouri 65616" (sic) to Hattie's Trust – Roger Carl Davis seeking testimony and records for a planned criminal investigation.

1. The individual identifying himself as Special Agent James "Tony" Strother (sic) is a *criminal investigator*, as signified by the title, "Special Agent." This presumption is supported by the fact that the Third Party Summonses at issue specifically identify Special Agent Strother as an employee of the Internal Revenue Service Criminal Investigation Division.

2. The individual identifying himself as Special Agent James "Tony" Strother (sic) is bound by the Administrative Procedure Act to know that use of administrative summonses for purposes of criminal investigation/prosecution is expressly prohibited in INTERNAL REVENUE CODE section 7602, subsection (d), paragraph (1), 26 USC 2 7602(d)(1).

3. Upon information and belief, Special Agent James "Tony" Strother's failure to give the notice required by statute was in retaliation for our Attorney's TIGTA complaint for Noonan's failure to produce evidence of his enforcement authority.

4. The individual identifying himself as Special Agent James "Tony" Strother (sic) failed to notify Plaintiff Roger Carl Davis of the issuance of such Third Party Summons, as required by section 7609 of the Internal Revenue Code of 1986, *68A Stat 1, § 7609*.

5. Upon information and belief, such Third Party Summons was issued in retaliation for our Attorney's TIGTA complaint for Timothy Noonan's failure to produce evidence of his enforcement authority.

6. The individual identifying himself as Special Agent James "Tony" Strother (sic) is bound by the Administrative Procedure Act to know that the IRS Restructuring and Reform Act of 1998 makes retaliation grounds for termination.

AA. On or about May 18, 2004, the individual identifying himself as Internal Revenue Special Agent James "Tony" Strother (sic) issued a Form 2039 Summons "In the matter of Roger Carl Davis, 232 Arizona Dr., Branson, Missouri  65616" (sic) to Phoenix Trust – Roger Carl Davis seeking testimony and records for a planned criminal investigation.

1. The individual identifying himself as Special Agent James "Tony" Strother (sic) is a *criminal investigator*, as signified by the title, "Special Agent." This presumption is supported by the fact that the Third Party Summonses at issue specifically identify Special Agent Strother as an employee of the Internal Revenue Service Criminal Investigation Division.

2. The individual identifying himself as Special Agent James "Tony" Strother (sic) is bound by the Administrative Procedure Act to know that use of administrative summonses for purposes of criminal investigation/prosecution is expressly prohibited in INTERNAL REVENUE CODE section 7602, subsection (d), paragraph (1), 26 USC 2

1    7602(d)(1).

2    3.    Upon information and belief, Special Agent James "Tony" Strother's

3         failure to give the notice required by statute was in retaliation for our

         Attorney's TIGTA complaint for Noonan's failure to produce evidence of

4         his enforcement authority.

5    4.    The individual identifying himself as Special Agent James "Tony"

         Strother (sic) failed to notify Plaintiff Roger Carl Davis of the issuance of

6         such Third Party Summons, as required by section 7609 of the Internal

7         Revenue Code of 1986, *68A Stat 1, § 7609.*

8    5.    Upon information and belief, such Third Party Summons was issued in

         retaliation for our Attorney's TIGTA complaint for Timothy Noonan's

9         failure to produce evidence of his enforcement authority.

10   6.    The individual identifying himself as Special Agent James "Tony"

11        Strother (sic) is bound by the Administrative Procedure Act to know that

         the IRS Restructuring and Reform Act of 1998 makes retaliation grounds

12        for termination.

13   BB.   On or about May 18, 2004, the individual identifying himself as Internal Revenue

14        Special Agent James "Tony" Strother (sic) issued a Form 2039 Summons "In the

         matter of Roger Carl Davis, 232 Arizona Dr., Branson, Missouri 65616" (sic) to

15        R.C.D. Investments – Roger Davis seeking testimony and records for a planned

16        criminal investigation.

17   1.    The individual identifying himself as Special Agent James "Tony"

18        Strother (sic) is a *criminal investigator*, as signified by the title, "Special

         Agent." This presumption is supported by the fact that the Third Party

19        Summonses at issue specifically identify Special Agent Strother as an

20        employee of the Internal Revenue Service Criminal Investigation

         Division.

21   2.    The individual identifying himself as Special Agent James "Tony"

22        Strother (sic) is bound by the Administrative Procedure Act to know that

23        use of administrative summonses for purposes of criminal

24        investigation/prosecution is expressly prohibited in INTERNAL

REVENUE CODE section 7602, subsection (d), paragraph (1), 26 USC 2 7602(d)(1).

3.    Upon information and belief, Special Agent James "Tony" Strother's failure to give the notice required by statute was in retaliation for our Attorney's TIGTA complaint for Noonan's failure to produce evidence of his enforcement authority.

4.    The individual identifying himself as Special Agent James "Tony" Strother (sic) failed to notify Plaintiff Roger Carl Davis of the issuance of such Third Party Summons, as required by section 7609 of the Internal Revenue Code of 1986, *68A Stat 1, § 7609.*

5.    Upon information and belief, such Third Party Summons was issued in retaliation for our Attorney's TIGTA complaint for Timothy Noonan's failure to produce evidence of his enforcement authority.

6.    The individual identifying himself as Special Agent James "Tony" Strother (sic) is bound by the Administrative Procedure Act to know that the IRS Restructuring and Reform Act of 1998 makes retaliation grounds for termination.

CC.    On or about May 18, 2004, the individual identifying himself as Internal Revenue Special Agent James "Tony" Strother (sic) issued a Form 2039 Summons "In the matter of Roger Carl Davis, 232 Arizona Dr., Branson, Missouri 65616" (sic) to R.C.D. Marketing Group – Roger Carl Davis seeking testimony and records for a planned criminal investigation.

1.    The individual identifying himself as Special Agent James "Tony" Strother (sic) is a *criminal investigator*, as signified by the title, "Special Agent." This presumption is supported by the fact that the Third Party Summonses at issue specifically identify Special Agent Strother as an employee of the Internal Revenue Service Criminal Investigation Division.

2.    The individual identifying himself as Special Agent James "Tony" Strother (sic) is bound by the Administrative Procedure Act to know that use of administrative summonses for purposes of criminal

investigation/prosecution is expressly prohibited in INTERNAL
REVENUE CODE section 7602, subsection (d), paragraph (1), 26 USC 2
7602(d)(1).

3.    Upon information and belief, Special Agent James "Tony" Strother's
failure to give the notice required by statute was in retaliation for our
Attorney's TIGTA complaint for Noonan's failure to produce evidence of
his enforcement authority.

4.    The individual identifying himself as Special Agent James "Tony"
Strother (sic) failed to notify Plaintiff Roger Carl Davis of the issuance of
such Third Party Summons, as required by section 7609 of the Internal
Revenue Code of 1986, *68A Stat 1, § 7609.*

5.    Upon information and belief, such Third Party Summons was issued in
retaliation for our Attorney's TIGTA complaint for Timothy Noonan's
failure to produce evidence of his enforcement authority.

6.    The individual identifying himself as Special Agent James "Tony"
Strother (sic) is bound by the Administrative Procedure Act to know that
the IRS Restructuring and Reform Act of 1998 makes retaliation grounds
for termination.

DD.    On or about May 18, 2004, the individual identifying himself as Internal Revenue
Special Agent James "Tony" Strother (sic) issued a Form 2039 Summons "In the
matter of Roger Carl Davis, 232 Arizona Dr., Branson, Missouri 65616" (sic) to
Goody Trust – Roger Carl Davis seeking testimony and records for a planned
criminal investigation.

1.    The individual identifying himself as Special Agent James "Tony"
Strother (sic) is a *criminal investigator*, as signified by the title, "Special
Agent." This presumption is supported by the fact that the Third Party
Summonses at issue specifically identify Special Agent Strother as an
employee of the Internal Revenue Service Criminal Investigation
Division.

2.    The individual identifying himself as Special Agent James "Tony"
Strother (sic) is bound by the Administrative Procedure Act to know that

use of administrative summonses for purposes of criminal investigation/prosecution is expressly prohibited in INTERNAL REVENUE CODE section 7602, subsection (d), paragraph (1), 26 USC 2 7602(d)(1).

3. Upon information and belief, Special Agent James "Tony" Strother's failure to give the notice required by statute was in retaliation for our Attorney's TIGTA complaint for Noonan's failure to produce evidence of his enforcement authority.

4. The individual identifying himself as Special Agent James "Tony" Strother (sic) failed to notify Plaintiff Roger Carl Davis of the issuance of such Third Party Summons, as required by section 7609 of the Internal Revenue Code of 1986, *68A Stat 1, § 7609.*

5. Upon information and belief, such Third Party Summons was issued in retaliation for our Attorney's TIGTA complaint for Timothy Noonan's failure to produce evidence of his enforcement authority.

6. The individual identifying himself as Special Agent James "Tony" Strother (sic) is bound by the Administrative Procedure Act to know that the IRS Restructuring and Reform Act of 1998 makes retaliation grounds for termination.

EE. On or about May 18, 2004, the individual identifying himself as Internal Revenue Special Agent James "Tony" Strother (sic) issued a Form 2039 Summons "In the matter of Roger Carl Davis, 232 Arizona Dr., Branson, Missouri 65616" (sic) to Farmhouse Trust – Roger Carl Davis seeking testimony and records for a planned criminal investigation.

1. The individual identifying himself as Special Agent James "Tony" Strother (sic) is a *criminal investigator*, as signified by the title, "Special Agent." This presumption is supported by the fact that the Third Party Summonses at issue specifically identify Special Agent Strother as an employee of the Internal Revenue Service Criminal Investigation Division.

2. The individual identifying himself as Special Agent James "Tony"

Strother (sic) is bound by the Administrative Procedure Act to know that use of administrative summonses for purposes of criminal investigation/prosecution is expressly prohibited in INTERNAL REVENUE CODE section 7602, subsection (d), paragraph (1), 26 USC 2 7602(d)(1).

3.      Upon information and belief, Special Agent James "Tony" Strother's failure to give the notice required by statute was in retaliation for our Attorney's TIGTA complaint for Noonan's failure to produce evidence of his enforcement authority.

4.      The individual identifying himself as Special Agent James "Tony" Strother (sic) failed to notify Plaintiff Roger Carl Davis of the issuance of such Third Party Summons, as required by section 7609 of the Internal Revenue Code of 1986, *68A Stat 1, § 7609.*

5.      Upon information and belief, such Third Party Summons was issued in retaliation for our Attorney's TIGTA complaint for Timothy Noonan's failure to produce evidence of his enforcement authority.

6.      The individual identifying himself as Special Agent James "Tony" Strother (sic) is bound by the Administrative Procedure Act to know that the IRS Restructuring and Reform Act of 1998 makes retaliation grounds for termination.

FF.     On or about May 18, 2004, the individual identifying himself as Internal Revenue Special Agent James "Tony" Strother (sic) issued a Form 2039 Summons "In the matter of Roger Carl Davis, 232 Arizona Dr., Branson, Missouri 65616" (sic) to Chariots Trust – Roger Carl Davis seeking testimony and records for a planned criminal investigation.

1.      The individual identifying himself as Special Agent James "Tony" Strother (sic) is a *criminal investigator*, as signified by the title, "Special Agent." This presumption is supported by the fact that the Third Party Summonses at issue specifically identify Special Agent Strother as an employee of the Internal Revenue Service Criminal Investigation Division.

2.     The individual identifying himself as Special Agent James "Tony" Strother (sic) is bound by the Administrative Procedure Act to know that use of administrative summonses for purposes of criminal investigation/prosecution is expressly prohibited in INTERNAL REVENUE CODE section 7602, subsection (d), paragraph (1), 26 USC 7602(d)(1).

3.     Upon information and belief, Special Agent James "Tony" Strother's failure to give the notice required by statute was in retaliation for our Attorney's TIGTA complaint for Noonan's failure to produce evidence of his enforcement authority.

4.     The individual identifying himself as Special Agent James "Tony" Strother (sic) failed to notify Plaintiff Roger Carl Davis of the issuance of such Third Party Summons, as required by section 7609 of the Internal Revenue Code of 1986, *68A Stat 1, § 7609.*

5.     Upon information and belief, such Third Party Summons was issued in retaliation for our Attorney's TIGTA complaint for Timothy Noonan's failure to produce evidence of his enforcement authority.

6.     The individual identifying himself as Special Agent James "Tony" Strother (sic) is bound by the Administrative Procedure Act to know that the IRS Restructuring and Reform Act of 1998 makes retaliation grounds for termination.

GG.   On or about May 18, 2004, the individual identifying himself as Internal Revenue Special Agent James "Tony" Strother (sic) issued a Form 2039 Summons "In the matter of Roger Carl Davis, 232 Arizona Dr., Branson, Missouri 65616" (sic) to Branson Mountain Trust – Roger Carl Davis seeking testimony and records for a planned criminal investigation.

1.     The individual identifying himself as Special Agent James "Tony" Strother (sic) is a *criminal investigator*, as signified by the title, "Special Agent." This presumption is supported by the fact that the Third Party Summonses at issue specifically identify Special Agent Strother as an employee of the Internal Revenue Service Criminal Investigation

Division.

2.  The individual identifying himself as Special Agent James "Tony" Strother (sic) is bound by the Administrative Procedure Act to know that use of administrative summonses for purposes of criminal investigation/prosecution is expressly prohibited in INTERNAL REVENUE CODE section 7602, subsection (d), paragraph (1), 26 USC 2 7602(d)(1).

3.  Upon information and belief, Special Agent James "Tony" Strother's failure to give the notice required by statute was in retaliation for our Attorney's TIGTA complaint for Noonan's failure to produce evidence of his enforcement authority.

4.  The individual identifying himself as Special Agent James "Tony" Strother (sic) failed to notify Plaintiff Roger Carl Davis of the issuance of such Third Party Summons, as required by section 7609 of the Internal Revenue Code of 1986, *68A Stat 1, § 7609*.

5.  Upon information and belief, such Third Party Summons was issued in retaliation for our Attorney's TIGTA complaint for Timothy Noonan's failure to produce evidence of his enforcement authority.

6.  The individual identifying himself as Special Agent James "Tony" Strother (sic) is bound by the Administrative Procedure Act to know that the IRS Restructuring and Reform Act of 1998 makes retaliation grounds for termination.

HH. On or about May 18, 2004, the individual identifying himself as Internal Revenue Special Agent James "Tony" Strother (sic) issued a Form 2039 Summons "In the matter of Roger Carl Davis, 232 Arizona Dr., Branson, Missouri 65616" (sic) to Bottom Line Employee Services of Missouri, Inc. – Roger Carl Davis seeking testimony and records for a planned criminal investigation.

1.  The individual identifying himself as Special Agent James "Tony" Strother (sic) is a *criminal investigator*, as signified by the title, "Special Agent." This presumption is supported by the fact that the Third Party Summonses at issue specifically identify Special Agent Strother as an

employee of the Internal Revenue Service Criminal Investigation Division.

2.   The individual identifying himself as Special Agent James "Tony" Strother (sic) is bound by the Administrative Procedure Act to know that use of administrative summonses for purposes of criminal investigation/prosecution is expressly prohibited in INTERNAL REVENUE CODE section 7602, subsection (d), paragraph (1), 26 USC 7602(d)(1).

3.   Upon information and belief, Special Agent James "Tony" Strother's failure to give the notice required by statute was in retaliation for our Attorney's TIGTA complaint for Noonan's failure to produce evidence of his enforcement authority.

4.   The individual identifying himself as Special Agent James "Tony" Strother (sic) failed to notify Plaintiff Roger Carl Davis of the issuance of such Third Party Summons, as required by section 7609 of the Internal Revenue Code of 1986, *68A Stat 1, § 7609*.

5.   Upon information and belief, such Third Party Summons was issued in retaliation for our Attorney's TIGTA complaint for Timothy Noonan's failure to produce evidence of his enforcement authority.

6.   The individual identifying himself as Special Agent James "Tony" Strother (sic) is bound by the Administrative Procedure Act to know that the IRS Restructuring and Reform Act of 1998 makes retaliation grounds for termination.

II.   On or about May 18, 2004, the individual identifying himself as Internal Revenue Special Agent James "Tony" Strother (sic) issued a Form 2039 Summons "In the matter of Roger Carl Davis, 232 Arizona Dr., Branson, Missouri 65616" (sic) to Attic Creek Holding Co. – Roger Carl Davis seeking testimony and records for a planned criminal investigation.

1.   The individual identifying himself as Special Agent James "Tony" Strother (sic) is a *criminal investigator*, as signified by the title, "Special Agent." This presumption is supported by the fact that the Third Party

Summonses at issue specifically identify Special Agent Strother as an employee of the Internal Revenue Service Criminal Investigation Division.

2. The individual identifying himself as Special Agent James "Tony" Strother (sic) is bound by the Administrative Procedure Act to know that use of administrative summonses for purposes of criminal investigation/prosecution is expressly prohibited in INTERNAL REVENUE CODE section 7602, subsection (d), paragraph (1), 26 USC 2 7602(d)(1).

3. Upon information and belief, Special Agent James "Tony" Strother's failure to give the notice required by statute was in retaliation for our Attorney's TIGTA complaint for Noonan's failure to produce evidence of his enforcement authority.

4. The individual identifying himself as Special Agent James "Tony" Strother (sic) failed to notify Plaintiff Roger Carl Davis of the issuance of such Third Party Summons, as required by section 7609 of the Internal Revenue Code of 1986, *68A Stat 1, § 7609*.

5. Upon information and belief, such Third Party Summons was issued in retaliation for our Attorney's TIGTA complaint for Timothy Noonan's failure to produce evidence of his enforcement authority.

6. The individual identifying himself as Special Agent James "Tony" Strother (sic) is bound by the Administrative Procedure Act to know that the IRS Restructuring and Reform Act of 1998 makes retaliation grounds for termination.

JJ. On or about May 18, 2004, the individual identifying himself as Internal Revenue Special Agent James "Tony" Strother (sic) issued a Form 2039 Summons "In the matter of Roger Carl Davis, 232 Arizona Dr., Branson, Missouri 65616" (sic) to American Financial Services Trust – Roger Carl Davis seeking testimony and records for a planned criminal investigation.

1. The individual identifying himself as Special Agent James "Tony" Strother (sic) is a *criminal investigator*, as signified by the title, "Special

Agent." This presumption is supported by the fact that the Third Party Summonses at issue specifically identify Special Agent Strother as an employee of the Internal Revenue Service Criminal Investigation Division.

2.  The individual identifying himself as Special Agent James "Tony" Strother (sic) is bound by the Administrative Procedure Act to know that use of administrative summonses for purposes of criminal investigation/prosecution is expressly prohibited in INTERNAL REVENUE CODE section 7602, subsection (d), paragraph (1), 26 USC 2 7602(d)(1).

3.  Upon information and belief, Special Agent James "Tony" Strother's failure to give the notice required by statute was in retaliation for our Attorney's TIGTA complaint for Noonan's failure to produce evidence of his enforcement authority.

4.  The individual identifying himself as Special Agent James "Tony" Strother (sic) failed to notify Plaintiff Roger Carl Davis of the issuance of such Third Party Summons, as required by section 7609 of the Internal Revenue Code of 1986, *68A Stat 1, § 7609.*

5.  Upon information and belief, such Third Party Summons was issued in retaliation for our Attorney's TIGTA complaint for Timothy Noonan's failure to produce evidence of his enforcement authority.

6.  The individual identifying himself as Special Agent James "Tony" Strother (sic) is bound by the Administrative Procedure Act to know that the IRS Restructuring and Reform Act of 1998 makes retaliation grounds for termination.

KK.  On or about May 18, 2004, the individual identifying himself as Internal Revenue Special Agent James "Tony" Strother (sic) issued a Form 2039 Summons "In the matter of Roger Carl Davis, 232 Arizona Dr., Branson, Missouri 65616" (sic) to AG Impact Management, Inc. – Roger Carl Davis seeking testimony and records for a planned criminal investigation.

1.  The individual identifying himself as Special Agent James "Tony"

Strother (sic) is a *criminal investigator*, as signified by the title, "Special Agent." This presumption is supported by the fact that the Third Party Summonses at issue specifically identify Special Agent Strother as an employee of the Internal Revenue Service Criminal Investigation Division.

2.    The individual identifying himself as Special Agent James "Tony" Strother (sic) is bound by the Administrative Procedure Act to know that use of administrative summonses for purposes of criminal investigation/prosecution is expressly prohibited in INTERNAL REVENUE CODE section 7602, subsection (d), paragraph (1), 26 USC 2 7602(d)(1).

3.    Upon information and belief, Special Agent James "Tony" Strother's failure to give the notice required by statute was in retaliation for our Attorney's TIGTA complaint for Noonan's failure to produce evidence of his enforcement authority.

4.    The individual identifying himself as Special Agent James "Tony" Strother (sic) failed to notify Plaintiff Roger Carl Davis of the issuance of such Third Party Summons, as required by section 7609 of the Internal Revenue Code of 1986, *68A Stat 1, § 7609*.

5.    Upon information and belief, such Third Party Summons was issued in retaliation for our Attorney's TIGTA complaint for Timothy Noonan's failure to produce evidence of his enforcement authority.

6.    The individual identifying himself as Special Agent James "Tony" Strother (sic) is bound by the Administrative Procedure Act to know that the IRS Restructuring and Reform Act of 1998 makes retaliation grounds for termination.

LL.    On or about May 18, 2004, the individual identifying himself as Internal Revenue Special Agent James "Tony" Strother (sic) issued a Form 2039 Summons "In the matter of Roger Carl Davis, 232 Arizona Dr., Branson, Missouri 65616" (sic) to Arizona Trust – Roger Carl Davis seeking testimony and records for a planned criminal investigation.

1.  The individual identifying himself as Special Agent James "Tony" Strother (sic) is a *criminal investigator*, as signified by the title, "Special Agent." This presumption is supported by the fact that the Third Party Summonses at issue specifically identify Special Agent Strother as an employee of the Internal Revenue Service Criminal Investigation Division.

2.  The individual identifying himself as Special Agent James "Tony" Strother (sic) is bound by the Administrative Procedure Act to know that use of administrative summonses for purposes of criminal investigation/prosecution is expressly prohibited in INTERNAL REVENUE CODE section 7602, subsection (d), paragraph (1), 26 USC 2 7602(d)(1).

3.  Upon information and belief, Special Agent James "Tony" Strother's failure to give the notice required by statute was in retaliation for our Attorney's TIGTA complaint for Noonan's failure to produce evidence of his enforcement authority.

4.  The individual identifying himself as Special Agent James "Tony" Strother (sic) failed to notify Plaintiff Roger Carl Davis of the issuance of such Third Party Summons, as required by section 7609 of the Internal Revenue Code of 1986, *68A Stat 1, § 7609*.

5.  Upon information and belief, such Third Party Summons was issued in retaliation for our Attorney's TIGTA complaint for Timothy Noonan's failure to produce evidence of his enforcement authority.

6.  The individual identifying himself as Special Agent James "Tony" Strother (sic) is bound by the Administrative Procedure Act to know that the IRS Restructuring and Reform Act of 1998 makes retaliation grounds for termination.

MM.  On or about May 18, 2004, the individual identifying himself as Internal Revenue Special Agent James "Tony" Strother (sic) issued a Form 2039 Summons "In the matter of Roger Carl Davis, 232 Arizona Dr., Branson, Missouri  65616" (sic) to First Premier Mortgage – Roger Carl Davis seeking testimony and records for a

planned criminal investigation.

1.    The individual identifying himself as Special Agent James "Tony" Strother (sic) is a *criminal investigator*, as signified by the title, "Special Agent." This presumption is supported by the fact that the Third Party Summonses at issue specifically identify Special Agent Strother as an employee of the Internal Revenue Service Criminal Investigation Division.

2.    The individual identifying himself as Special Agent James "Tony" Strother (sic) is bound by the Administrative Procedure Act to know that use of administrative summonses for purposes of criminal investigation/prosecution is expressly prohibited in INTERNAL REVENUE CODE section 7602, subsection (d), paragraph (1), 26 USC 2 7602(d)(1).

3.    Upon information and belief, Special Agent James "Tony" Strother's failure to give the notice required by statute was in retaliation for our Attorney's TIGTA complaint for Noonan's failure to produce evidence of his enforcement authority.

4.    The individual identifying himself as Special Agent James "Tony" Strother (sic) failed to notify Plaintiff Roger Carl Davis of the issuance of such Third Party Summons, as required by section 7609 of the Internal Revenue Code of 1986, *68A Stat 1, § 7609*.

5.    Upon information and belief, such Third Party Summons was issued in retaliation for our Attorney's TIGTA complaint for Timothy Noonan's failure to produce evidence of his enforcement authority.

6.    The individual identifying himself as Special Agent James "Tony" Strother (sic) is bound by the Administrative Procedure Act to know that the IRS Restructuring and Reform Act of 1998 makes retaliation grounds for termination.

NN.    On or about May 18, 2004, the individual identified as Internal Revenue Special Agent James "Tony" Strother (sic) of the Internal Revenue Service Criminal Investigation Division issued a Form 2039 Summons "In the matter of Jo Elaine

Davis, 232 Arizona Dr., Branson, Missouri 65616" (sic) to Plaintiff Jo Elaine Davis, seeking testimony and records for a criminal investigation.

1.    The individual identifying himself as Special Agent James "Tony" Strother (sic) is a *criminal investigator*, as signified by the title, "Special Agent." This status is confirmed by the fact that the Third Party Summonses at issue specifically identify Special Agent Strother as an employee of the Internal Revenue Service Criminal Investigation Division.

2.    The individual identifying himself as Special Agent James "Tony" Strother (sic) is bound by the Administrative Procedure Act to know that use of administrative summonses for purposes of criminal investigation/prosecution is expressly prohibited in INTERNAL REVENUE CODE section 7602, subsection (d), paragraph (1), 26 USC 2 7602(d)(1).

3.    Special Agent James "Tony" Strother (sic) is bound by the Administrative Procedure Act to know that the Fifth Amendment to the United States Constitution protects me, Roger Carl Davis, against any compulsion to give evidence that might or might not tend to incriminate me.

4.    Special Agent James "Tony" Strother (sic) is bound by the Administrative Procedure Act to know that his attempt to compel me to give evidence that might or might not tend to incriminate me is a violation of the Fifth Amendment to the United States Constitution.

5.    Special Agent James "Tony" Strother (sic) is bound by the Administrative Procedure Act to know that there is no "tax exception" to my Fifth Amendment rights.

6.    The individual identifying himself as Special Agent James "Tony" Strother (sic) is bound by the Administrative Procedure Act to know that the IRS Restructuring and Reform Act of 1998 makes harassment – in the form of such attempt to compel me to give evidence that might or might not tend to incriminate me in violation of my Fifth Amendment rights – is grounds for termination.

7.     Special Agent James "Tony" Strother (sic) is bound by the Administrative Procedure Act to know that such attempt is extortion or willful oppression under color of law punishable by fine or imprisonment under Internal Revenue Code section 7214(a)(1).

OO.    On or about May 18, 2004, the individual identified as Internal Revenue Special Agent James "Tony" Strother (sic) of the Internal Revenue Service Criminal Investigation Division issued a Form 2039 Summons "In the matter of Jo Elaine Davis, 232 Arizona Dr., Branson, Missouri 65616" (sic) to The Farmhouse Restaurant - Jo Elaine Davis, seeking testimony and records for a criminal investigation.

1.     The individual identifying himself as Special Agent James "Tony" Strother (sic) is a *criminal investigator*, as signified by the title, "Special Agent." This status is confirmed by the fact that the Third Party Summonses at issue specifically identify Special Agent Strother as an employee of the Internal Revenue Service Criminal Investigation Division.

2.     The individual identifying himself as Special Agent James "Tony" Strother (sic) is bound by the Administrative Procedure Act to know that use of administrative summonses for purposes of criminal investigation/prosecution is expressly prohibited in INTERNAL REVENUE CODE section 7602, subsection (d), paragraph (1), 26 USC 2 7602(d)(1).

3.     Special Agent James "Tony" Strother (sic) is bound by the Administrative Procedure Act to know that the Fifth Amendment to the United States Constitution protects me, Roger Carl Davis, against any compulsion to give evidence that might or might not tend to incriminate me.

4.     Special Agent James "Tony" Strother (sic) is bound by the Administrative Procedure Act to know that his attempt to compel me to give evidence that might or might not tend to incriminate me is a violation of the Fifth Amendment to the United States Constitution.

5.     Special Agent James "Tony" Strother (sic) is bound by the Administrative

Procedure Act to know that there is no "tax exception" to my Fifth Amendment rights.

6.    The individual identifying himself as Special Agent James "Tony" Strother (sic) is bound by the Administrative Procedure Act to know that the IRS Restructuring and Reform Act of 1998 makes harassment – in the form of such attempt to compel me to give evidence that might or might not tend to incriminate me in violation of my Fifth Amendment rights – is grounds for termination.

7.    Special Agent James "Tony" Strother (sic) is bound by the Administrative Procedure Act to know that such attempt is extortion or willful oppression under color of law punishable by fine or imprisonment under Internal Revenue Code section 7214(a)(1).

PP.    On or about May 18, 2004, the individual identified as Internal Revenue Special Agent James "Tony" Strother (sic) of the Internal Revenue Service Criminal Investigation Division issued a Form 2039 Summons "In the matter of Roger Carl Davis, 232 Arizona Dr., Branson, Missouri 65616" (sic) to The Farmhouse Restaurant - Roger Carl Davis, seeking testimony and records for a criminal investigation.

1.    The individual identifying himself as Special Agent James "Tony" Strother (sic) is a *criminal investigator*, as signified by the title, "Special Agent." This status is confirmed by the fact that the Third Party Summonses at issue specifically identify Special Agent Strother as an employee of the Internal Revenue Service Criminal Investigation Division.

2.    The individual identifying himself as Special Agent James "Tony" Strother (sic) is bound by the Administrative Procedure Act to know that use of administrative summonses for purposes of criminal investigation/prosecution is expressly prohibited in INTERNAL REVENUE CODE section 7602, subsection (d), paragraph (1), 26 USC 2 7602(d)(1).

3.    Special Agent James "Tony" Strother (sic) is bound by the Administrative

1    Procedure Act to know that the Fifth Amendment to the United States

2    Constitution protects me, Roger Carl Davis, against any compulsion to

3    give evidence that might or might not tend to incriminate me.

   4.  Special Agent James "Tony" Strother (sic) is bound by the Administrative

4    Procedure Act to know that his attempt to compel me to give evidence that

5    might or might not tend to incriminate me is a violation of the Fifth

    Amendment to the United States Constitution.

6   5.  Special Agent James "Tony" Strother (sic) is bound by the Administrative

7    Procedure Act to know that there is no "tax exception" to my Fifth

8    Amendment rights.

   6.  The individual identifying himself as Special Agent James "Tony"

9    Strother (sic) is bound by the Administrative Procedure Act to know that

10   the IRS Restructuring and Reform Act of 1998 makes harassment – in the

11   form of such attempt to compel me to give evidence that might or might

12   not tend to incriminate me in violation of my Fifth Amendment rights – is

    grounds for termination.

13   7.  Special Agent James "Tony" Strother (sic) is bound by the Administrative

14   Procedure Act to know that such attempt is extortion or willful oppression

15   under color of law punishable by fine or imprisonment under Internal

    Revenue Code section 7214(a)(1).

16 QQ. On or about May 18, 2004, the individual identifying himself as Internal Revenue

17  Special Agent James "Tony" Strother (sic) issued a Form 2039 Summons "In the

18  matter of Jo Elaine Davis, 232 Arizona Dr., Branson, Missouri  65616" (sic) to

  Oak Bluff Management Trust seeking testimony and records for a planned

19  criminal investigation.

20   1.  The individual identifying himself as Special Agent James "Tony"

21   Strother (sic) is a *criminal investigator*, as signified by the title, "Special

    Agent." This presumption is supported by the fact that the Third Party

22   Summonses at issue specifically identify Special Agent Strother as an

23   employee of the Internal Revenue Service Criminal Investigation

    Division.

24

2.  The individual identifying himself as Special Agent James "Tony" Strother (sic) is bound by the Administrative Procedure Act to know that use of administrative summonses for purposes of criminal investigation/prosecution is expressly prohibited in INTERNAL REVENUE CODE section 7602, subsection (d), paragraph (1), 26 USC 2 7602(d)(1).

3.  Upon information and belief, Special Agent James "Tony" Strother's failure to give the notice required by statute was in retaliation for our Attorney's TIGTA complaint for Noonan's failure to produce evidence of his enforcement authority.

4.  The individual identifying himself as Special Agent James "Tony" Strother (sic) failed to notify Plaintiff Roger Carl Davis of the issuance of such Third Party Summons, as required by section 7609 of the Internal Revenue Code of 1986, *68A Stat 1, § 7609*.

5.  Upon information and belief, such Third Party Summons was issued in retaliation for our Attorney's TIGTA complaint for Timothy Noonan's failure to produce evidence of his enforcement authority.

6.  The individual identifying himself as Special Agent James "Tony" Strother (sic) is bound by the Administrative Procedure Act to know that the IRS Restructuring and Reform Act of 1998 makes retaliation grounds for termination.

V.  FACTUAL BACKGROUND — Quasi-Judicial Proceedings

A.  On or about November 22, 2004, Internal Revenue Special Agent James Strother obtained a Search Warrant in Case # 04-2419-JCE-01, to search for the records sought by Noonan.

B.  No Affidavit in support of said search warrant has been produced.

C.  On or about January 28, 2005, each of us, Roger Davis and Jo Elaine Davis, were served with subpoenaes to testify before grand jury 2004R01281-01 investigating "possible violations of Title 26, United States Code, Sections (sic) 7201." We are now targets of that investigation based, upon information and belief, on records

1     which Internal Revenue Agent Noonan withheld in violation of Internal Revenue

2     Code section 6103, 6203; the Federal Records Act; and the Administrative

     Procedure Act.

3

  VI.    COUNT ONE:

4     By agency action described in paragraph IV.A.3, e.g., failure to produce competent

5     evidence of defendant's compliance with section 6001, subsection (d) of the Internal

     Revenue Code, Vol 68A, Stat 1, § 6001(d), in response to our attorney's correspondence:

6     defendant, through its agent, Internal Revenue Service District Director, Oklahoma City,

7     Oklahoma, disregarded section 6103 of the Internal Revenue Code of 1986.

8  VII.   COUNT TWO:

9     By agency action described in paragraph IV.A.4, e.g., failure to produce competent

     evidence of defendant's authority for operation of sections 6201, 6321, and 6331, Vol

10    68A, Stat 1, §§ 6201, 6321, 6331 upon those denied the notice mandated in Vol 68A, Stat

11    1, § 6001(d), in response to our attorney's correspondence: defendant, through its agent,

     Internal Revenue Service District Director, Oklahoma City, Oklahoma, disregarded

12    section 6103 of the Internal Revenue Code of 1986.

13 VIII.  COUNT THREE

14    By agency action described in paragraph IV.C.2, e.g., failure to produce competent

15    evidence that action was within the bounds of authority and of claims made in a CP 71A,

     regarding 1992, 1993, and 1994, in response to our CPA's correspondence, : defendant,

16    through its agent, Internal Revenue Service Chief, Automated Collection System, in

17    Kansas City, Kansas, disregarded section 6103 of the Internal Revenue Code of 1986.

  IX.    COUNT FOUR

18    By agency action described in paragraph IV.C.2, e.g., failure to produce competent

19    evidence that action was within the bounds of authority and of claims made in a CP 71A,

20    regarding 1992, 1993, and 1994, in response to our attorney's correspondence:

     defendant, through its agent, Internal Revenue Service Center Director in Kansas City,

21    disregarded section 6103 of the Internal Revenue Code of 1986.

22  X.     COUNT FIVE

23    By agency action described in paragraph IV.E.2, e.g., failure to produce competent

     evidence that action was within the bounds of authority and of claims made in a CP 71A,

24

regarding 1992, 1993, and 1994, in response to our attorney's correspondence: defendant, through its agent, Internal Revenue Service General Counsel, disregarded section 6103 of the Internal Revenue Code of 1986.

XI.    COUNT SIX

By agency action described in paragraph IV.I.3, e.g., failure to produce competent evidence of its agent's authority, including oath of office, commission, and bond: defendant, through its agent, Internal Revenue Agent Timothy E. Noonan, disregarded section 2 of Title 31, Code of Federal Regulations, Part 1, Subpart C, Appendix B, a regulation promulgated under the Internal Revenue Code of 1986..

XII.   COUNT SEVEN

By agency action described in paragraph IV.O.1, e.g., failure to give notice of Third Party Summons to Trans Union Corporation: defendant, through its agent, Internal Revenue Agent Timothy E. Noonan, disregarded section 7609 of the Internal Revenue Code of 1986, 68A Stat 1, § 7609.

XIII.  COUNT EIGHT

By agency action described in paragraph IV.P.1, e.g., failure to give notice of Third Party Summons to CSC Credit Services: defendant, through its agent, Internal Revenue Agent Timothy E. Noonan, disregarded section 7609 of the Internal Revenue Code of 1986, 68A Stat 1, § 7609.

XIV.   COUNT NINE

By agency action described in paragraph IV.Q.1, e.g., failure to give notice of Third Party Summons to Experian: defendant, through its agent, Internal Revenue Agent Timothy E. Noonan, disregarded section 7609 of the Internal Revenue Code of 1986, 68A Stat 1, § 7609.

XV.    COUNT TEN

By agency action described in paragraph IV.R.1, e.g., failure to give notice of Third Party Summons to Martin Enterprises: defendant, through its agent, Internal Revenue Agent Timothy E. Noonan, disregarded section 7609 of the Internal Revenue Code of 1986, 68A Stat 1, § 7609.

XVI.   COUNT ELEVEN

By agency action described in paragraph IV.S.1, e.g., failure to give notice of Third Party

1    Summons to Martin Enterprises: defendant, through its agent, Internal Revenue Agent

2    Timothy E. Noonan, disregarded section 7609 of the Internal Revenue Code of 1986,

3    68A Stat 1, § 7609.

XVII.   COUNT TWELVE

4    By agency action described in paragraph IV.T.1, 2, e.g., attempting the use of Third Party

5    Summons to Annette's Bookkeeping Services, Inc., for purposes of criminal

6    investigation/prosecution: defendant, through its Special Agent James "Tony" Strother,

7    disregarded INTERNAL REVENUE CODE section 7602, subsection (d), paragraph (1),

26 USC 2 7602(d)(1).

XVIII. COUNT THIRTEEN

8    By agency action described in paragraph IV.T.4, e.g., failure to give notice of Third Party

9    Summons to Annette's Bookkeeping Services, Inc.: defendant, through its Special Agent

10    James "Tony" Strother, disregarded section 7609 of the Internal Revenue Code of 1986,

11    68A Stat 1, § 7609.

XIX.   COUNT FOURTEEN

12    By agency action described in paragraph IV.T.5, e.g., failure to give the notice required

13    in retaliation for our Attorney's TIGTA complaint: defendant, through its Special Agent

14    James "Tony" Strother, disregarded section 1203(b)___ of the RRA.

XX.   COUNT FIFTEEN

15    By agency action described in paragraph IV.U.1, 2, e.g., attempting the use of Third

16    Party Summons to Jeffery Long, CPA, for purposes of criminal

17    investigation/prosecution: defendant, through its Special Agent James "Tony" Strother,

18    disregarded INTERNAL REVENUE CODE section 7602, subsection (d), paragraph (1),

26 USC 2 7602(d)(1).

19    XXI.   COUNT SIXTEEN

20    By agency action described in paragraph IV.U.4, e.g., failure to give notice of Third Party

21    Summons to Jeffery Long, CPA: defendant, through its Special Agent James "Tony"

Strother, disregarded section 7609 of the Internal Revenue Code of 1986, 68A Stat 1, §

22    7609.

XXII.  COUNT SEVENTEEN

23    By agency action described in paragraph IV.U.5, e.g., failure to give the notice required

24

1    in retaliation for our Attorney's TIGTA complaint: defendant, through its Special Agent

2    James "Tony" Strother, disregarded section 1203(b)___ of the RRA.

### XXIII. COUNT EIGHTEEN

3

    By agency action described in paragraph IV.V.1, 2, e.g., attempting the use of Third

4    Party Summons to Ozark Mountain Bank, for purposes of criminal

5    investigation/prosecution: defendant, through its Special Agent James "Tony" Strother,

    disregarded INTERNAL REVENUE CODE section 7602, subsection (d), paragraph (1),

6    26 USC 2 7602(d)(1).

7  ### XXIV. COUNT NINTEEN

8    By agency action described in paragraph IV.V.1, 3, e.g., failure to give notice of Third

    Party Summons to Ozark Mountain Bank: defendant, through its Special Agent James

9    "Tony" Strother, disregarded section 7609 of the Internal Revenue Code of 1986, 68A

10    Stat 1, § 7609.

11 ### XXV.  COUNT TWENTY

    By agency action described in paragraphs IV.V.5, e.g., failure to give the notice required

12    in retaliation for our Attorney's TIGTA complaint: defendant, through its Special Agent

13    James "Tony" Strother, disregarded section 1203(b)___ of the RRA.

14 ### XXVI. COUNT TWENTY-ONE

    By agency action described in paragraph IV.W.1, 2, e.g., attempting the use of Third

15    Party Summons to Branson Bank, for purposes of criminal investigation/prosecution:

16    defendant, through its Special Agent James "Tony" Strother, disregarded INTERNAL

17    REVENUE CODE section 7602, subsection (d), paragraph (1), 26 USC 2 7602(d)(1).

### XXVII. COUNT TWENTY-TWO

18    By agency action described in paragraph IV.W.1, 3, e.g., failure to give notice of Third

19    Party Summons to Branson Bank: defendant, through its Special Agent James "Tony"

20    Strother, disregarded section 7609 of the Internal Revenue Code of 1986, 68A Stat 1, §

    7609.

21

### XXVIII. COUNT TWENTY-THREE

22    By agency action described in paragraphs IV.W.5, e.g., failure to give the notice required

23    in retaliation for our Attorney's TIGTA complaint: defendant, through its Special Agent

    James "Tony" Strother, disregarded section 1203(b)___ of the RRA.

24

XXIX. COUNT TWENTY-FOUR

By agency action described in paragraph IV. X.1, 2, e.g., attempting the use of an administrative summons for purposes of criminal investigation/prosecution: defendant, through its Special Agent James "Tony" Strother, disregarded INTERNAL REVENUE CODE section 7602, subsection (d), paragraph (1), 26 USC 2 7602(d)(1).

XXX.  COUNT TWENTY-FIVE

By agency action described in paragraphs IV.Y. 1, 2, e.g., attempting the use of Third Party Summons to Oak Bluff Management Trust, for purposes of criminal investigation/prosecution: defendant, through its Special Agent James "Tony" Strother, disregarded INTERNAL REVENUE CODE section 7602, subsection (d), paragraph (1), 26 USC 2 7602(d)(1).

XXXI. COUNT TWENTY-SIX

By agency action described in paragraph IV.Y.1, 3, e.g., failure to give notice of Third Party Summons to Oak Bluff Management Trust: defendant, through its Special Agent James "Tony" Strother, disregarded section 7609 of the Internal Revenue Code of 1986, 68A Stat 1, § 7609.

XXXII. COUNT TWENTY-SEVEN

By agency action described in paragraphs IV.Y.5, e.g., failure to give the notice required in retaliation for our Attorney's TIGTA complaint: defendant, through its Special Agent James "Tony" Strother, disregarded section 1203(b)___ of the RRA.

XXXIII. COUNT TWENTY-EIGHT

By agency action described in paragraphs IV.Z. 1, 2, e.g., attempting the use of Third Party Summons to Hattie's Trust – Roger Carl Davis, for purposes of criminal investigation/prosecution: defendant, through its Special Agent James "Tony" Strother, disregarded INTERNAL REVENUE CODE section 7602, subsection (d), paragraph (1), 26 USC 2 7602(d)(1).

XXXIV. COUNT TWENTY-NINE

By agency action described in paragraph IV.Z.1, 3, e.g., failure to give notice of Third Party Summons to Hattie's Trust – Roger Carl Davis: defendant, through its Special Agent James "Tony" Strother, disregarded section 7609 of the Internal Revenue Code of 1986, 68A Stat 1, § 7609.

XXXV. COUNT THIRTY

By agency action described in paragraphs IV.Z.5, e.g., failure to give the notice required in retaliation for our Attorney's TIGTA complaint: defendant, through its Special Agent James "Tony" Strother, disregarded section 1203(b)___ of the RRA.

XXXVI. COUNT THIRTY-ONE

By agency action described in paragraphs IV. AA. 1, 2, e.g., attempting the use of Third Party Summons to Phoenix Trust – Roger Carl Davis, for purposes of criminal investigation/prosecution: defendant, through its Special Agent James "Tony" Strother, disregarded INTERNAL REVENUE CODE section 7602, subsection (d), paragraph (1), 26 USC 2 7602(d)(1).

XXXVII. COUNT THIRTY-TWO

By agency action described in paragraph IV. AA.1, 3, e.g., failure to give notice of Third Party Summons to Phoenix Trust – Roger Carl Davis: defendant, through its Special Agent James "Tony" Strother, disregarded section 7609 of the Internal Revenue Code of 1986, 68A Stat 1, § 7609.

XXXVIII. COUNT THIRTY-THREE

By agency action described in paragraphs IV. AA.5, e.g., failure to give the notice required in retaliation for our Attorney's TIGTA complaint: defendant, through its Special Agent James "Tony" Strother, disregarded section 1203(b)___ of the RRA.

XXXIX. COUNT THIRTY-FOUR

By agency action described in paragraphs IV. BB. 1, 2, e.g., attempting the use of Third Party Summons to R.C.D. Investments – Roger Carl Davis, for purposes of criminal investigation/prosecution: defendant, through its Special Agent James "Tony" Strother, disregarded INTERNAL REVENUE CODE section 7602, subsection (d), paragraph (1), 26 USC 2 7602(d)(1).

XL.    COUNT THIRTY-FIVE

By agency action described in paragraph IV. BB.1, 3, e.g., failure to give notice of Third Party Summons to R.C.D. Investments – Roger Carl Davis: defendant, through its Special Agent James "Tony" Strother, disregarded section 7609 of the Internal Revenue Code of 1986, 68A Stat 1, § 7609.

XLI.    COUNT THIRTY-SIX

By agency action described in paragraphs IV. BB.5, e.g., failure to give the notice required in retaliation for our Attorney's TIGTA complaint: defendant, through its Special Agent James "Tony" Strother, disregarded section 1203(b)___ of the RRA.

XLII.    COUNT THIRTY-SEVEN

By agency action described in paragraphs IV. CC. 1, 2, e.g., attempting the use of Third Party Summons to R.C.D. Marketing Group – Roger Carl Davis, for purposes of criminal investigation/prosecution: defendant, through its Special Agent James "Tony" Strother, disregarded INTERNAL REVENUE CODE section 7602, subsection (d), paragraph (1), 26 USC 2 7602(d)(1).

XLIII.    COUNT THIRTY-EIGHT

By agency action described in paragraph IV. CC.1, 3, e.g., failure to give notice of Third Party Summons to R.C.D. Marketing Group – Roger Carl Davis: defendant, through its Special Agent James "Tony" Strother, disregarded section 7609 of the Internal Revenue Code of 1986, 68A Stat 1, § 7609.

XLIV.    COUNT THIRTY-NINE

By agency action described in paragraphs IV. CC.5, e.g., failure to give the notice required in retaliation for our Attorney's TIGTA complaint: defendant, through its Special Agent James "Tony" Strother, disregarded section 1203(b)___ of the RRA.

XLV.    COUNT FORTY

By agency action described in paragraphs IV. DD. 1, 2, e.g., attempting the use of Third Party Summons to Goody Trust – Roger Carl Davis, for purposes of criminal investigation/prosecution: defendant, through its Special Agent James "Tony" Strother, disregarded INTERNAL REVENUE CODE section 7602, subsection (d), paragraph (1), 26 USC 2 7602(d)(1).

XLVI.    COUNT FORTY-ONE

By agency action described in paragraph IV. DD.1, 3, e.g., failure to give notice of Third Party Summons to Goody Trust – Roger Carl Davis: defendant, through its Special Agent James "Tony" Strother, disregarded section 7609 of the Internal Revenue Code of 1986, 68A Stat 1, § 7609.

XLVII.    COUNT FORTY-TWO

By agency action described in paragraphs IV. DD.5, e.g., failure to give the notice

1    required in retaliation for our Attorney's TIGTA complaint: defendant, through its

2    Special Agent James "Tony" Strother, disregarded section 1203(b)___ of the RRA.

### XLVIII. COUNT FORTY-THREE

3

4    By agency action described in paragraphs IV. EE. 1, 2, e.g., attempting the use of Third

     Party Summons to Farmhouse Trust – Roger Carl Davis, for purposes of criminal

5    investigation/prosecution: defendant, through its Special Agent James "Tony" Strother,

6    disregarded INTERNAL REVENUE CODE section 7602, subsection (d), paragraph (1),

     26 USC 2 7602(d)(1).

7

### XLIX. COUNT FORTY-FOUR

8    By agency action described in paragraph IV. EE D.1, 3, e.g., failure to give notice of

9    Third Party Summons to Farmhouse Trust – Roger Carl Davis: defendant, through its

     Special Agent James "Tony" Strother, disregarded section 7609 of the Internal Revenue

10   Code of 1986, 68A Stat 1, § 7609.

### L.    COUNT FORTY-FIVE

11

12   By agency action described in paragraphs IV. EE.5, e.g., failure to give the notice

     required in retaliation for our Attorney's TIGTA complaint: defendant, through its

13   Special Agent James "Tony" Strother, disregarded section 1203(b)___ of the RRA.

14

### LI.   COUNT FORTY-SIX

15   By agency action described in paragraphs IV. FF. 1, 2, e.g., attempting the use of Third

     Party Summons to Chariots Trust – Roger Carl Davis, for purposes of criminal

16   investigation/prosecution: defendant, through its Special Agent James "Tony" Strother,

17   disregarded INTERNAL REVENUE CODE section 7602, subsection (d), paragraph (1),

     26 USC 2 7602(d)(1).

18

### LII.  COUNT FORTY-SEVEN

19   By agency action described in paragraph IV. FF D.1, 3, e.g., failure to give notice of

20   Third Party Summons to Chariots Trust – Roger Carl Davis: defendant, through its

     Special Agent James "Tony" Strother, disregarded section 7609 of the Internal Revenue

21   Code of 1986, 68A Stat 1, § 7609.

22   ### LIII. COUNT FORTY-EIGHT

23   By agency action described in paragraph IV. FF.5, e.g., failure to give the notice

     required in retaliation for our Attorney's TIGTA complaint: defendant, through its

24

Special Agent James "Tony" Strother, disregarded section 1203(b)___ of the RRA.

LIV.    COUNT FORTY-NINE

By agency action described in paragraphs IV. GG. 1, 2, e.g., attempting the use of Third Party Summons to Branson Mountain Trust – Roger Carl Davis, for purposes of criminal investigation/prosecution: defendant, through its Special Agent James "Tony" Strother, disregarded INTERNAL REVENUE CODE section 7602, subsection (d), paragraph (1), 26 USC 2 7602(d)(1).

LV.    COUNT FIFTY

By agency action described in paragraph IV. GG.1, 3, e.g., failure to give notice of Third Party Summons to Branson Mountain Trust – Roger Carl Davis: defendant, through its Special Agent James "Tony" Strother, disregarded section 7609 of the Internal Revenue Code of 1986, 68A Stat 1, § 7609.

LVI.    COUNT FIFTY-ONE

By agency action described in paragraphs IV. GG.5, e.g., failure to give the notice required in retaliation for our Attorney's TIGTA complaint: defendant, through its Special Agent James "Tony" Strother, disregarded section 1203(b)___ of the RRA.

LVII.    COUNT FIFTY-TWO

By agency action described in paragraphs IV. HH. 1, 2, e.g., attempting the use of Third Party Summons to Bottom Line Employee Services of Missouri, Inc – Roger Carl Davis, for purposes of criminal investigation/prosecution: defendant, through its Special Agent James "Tony" Strother, disregarded INTERNAL REVENUE CODE section 7602, subsection (d), paragraph (1), 26 USC 2 7602(d)(1).

LVIII.    COUNT FIFTY-THREE

By agency action described in paragraph IV. HH.1, 3, e.g., failure to give notice of Third Party Summons to Bottom Line Employee Services of Missouri, Inc – Roger Carl Davis: defendant, through its Special Agent James "Tony" Strother, disregarded section 7609 of the Internal Revenue Code of 1986, 68A Stat 1, § 7609.

LIX.    COUNT FIFTY-FOUR

By agency action described in paragraphs IV. HH.5, e.g., failure to give the notice required in retaliation for our Attorney's TIGTA complaint: defendant, through its Special Agent James "Tony" Strother, disregarded section 1203(b)___ of the RRA.

LX.    COUNT FIFTY-FIVE

By agency action described in paragraphs IV. II. 1, 2, e.g., attempting the use of Third Party Summons to Attic Creek Holding Co. – Roger Carl Davis, for purposes of criminal investigation/prosecution: defendant, through its Special Agent James "Tony" Strother, disregarded INTERNAL REVENUE CODE section 7602, subsection (d), paragraph (1), 26 USC 2 7602(d)(1).

LXI.    COUNT FIFTY-SIX

By agency action described in paragraph IV. II, 3, e.g., failure to give notice of Third Party Summons to Attic Creek Holding Co. – Roger Carl Davis: defendant, through its Special Agent James "Tony" Strother, disregarded section 7609 of the Internal Revenue Code of 1986, 68A Stat 1, § 7609.

LXII.    COUNT FIFTY-SEVEN

By agency action described in paragraphs IV. II.5, e.g., failure to give the notice required in retaliation for our Attorney's TIGTA complaint: defendant, through its Special Agent James "Tony" Strother, disregarded section 1203(b)___ of the RRA.

LXIII.    COUNT FIFTY-EIGHT

By agency action described in paragraphs IV. JJ. 1, 2, e.g., attempting the use of Third Party Summons to American Financial Services Trust – Roger Carl Davis, for purposes of criminal investigation/prosecution: defendant, through its Special Agent James "Tony" Strother, disregarded INTERNAL REVENUE CODE section 7602, subsection (d), paragraph (1), 26 USC 2 7602(d)(1).

LXIV.    COUNT FIFTY-NINE

By agency action described in paragraph IV. JJ, 3, e.g., failure to give notice of Third Party Summons to American Financial Services Trust – Roger Carl Davis: defendant, through its Special Agent James "Tony" Strother, disregarded section 7609 of the Internal Revenue Code of 1986, 68A Stat 1, § 7609.

LXV.    COUNT SIXTY

By agency action described in paragraphs IV. JJ.5, e.g., failure to give the notice required in retaliation for our Attorney's TIGTA complaint: defendant, through its Special Agent James "Tony" Strother, disregarded section 1203(b)___ of the RRA.

LXVI.    COUNT SIXTY-ONE

By agency action described in paragraphs IV. KK. 1, 2, e.g., attempting the use of Third Party Summons to AG Impact Management, Inc. – Roger Carl Davis, for purposes of criminal investigation/prosecution: defendant, through its Special Agent James "Tony" Strother, disregarded INTERNAL REVENUE CODE section 7602, subsection (d), paragraph (1), 26 USC 2 7602(d)(1).

LXVII. COUNT SIXTY-TWO

By agency action described in paragraph IV. KK, 3, e.g., failure to give notice of Third Party Summons to AG Impact Management, Inc. – Roger Carl Davis: defendant, through its Special Agent James "Tony" Strother, disregarded section 7609 of the Internal Revenue Code of 1986, 68A Stat 1, § 7609.

LXVIII. COUNT SIXTY-THREE

By agency action described in paragraphs IV. KK.5, e.g., failure to give the notice required in retaliation for our Attorney's TIGTA complaint: defendant, through its Special Agent James "Tony" Strother, disregarded section 1203(b)___ of the RRA.

LXIX. COUNT SIXTY-FOUR

By agency action described in paragraphs IV. LL. 1, 2, e.g., attempting the use of Third Party Summons to Arizona Trust – Roger Carl Davis, for purposes of criminal investigation/prosecution: defendant, through its Special Agent James "Tony" Strother, disregarded INTERNAL REVENUE CODE section 7602, subsection (d), paragraph (1), 26 USC 2 7602(d)(1).

LXX. COUNT SIXTY-FIVE

By agency action described in paragraph IV. LL, 3, e.g., failure to give notice of Third Party Summons to Arizona Trust – Roger Carl Davis: defendant, through its Special Agent James "Tony" Strother, disregarded section 7609 of the Internal Revenue Code of 1986, 68A Stat 1, § 7609.

LXXI. COUNT SIXTY-SIX

By agency action described in paragraphs IV. LL.5, e.g., failure to give the notice required in retaliation for our Attorney's TIGTA complaint: defendant, through its Special Agent James "Tony" Strother, disregarded section 1203(b)___ of the RRA.

LXXII. COUNT SIXTY-SEVEN

By agency action described in paragraphs IV. MM. 1, 2, e.g., attempting the use of Third

1    Party Summons to First Premier Mortgage – Roger Carl Davis, for purposes of criminal

2    investigation/prosecution: defendant, through its Special Agent James "Tony" Strother,

3    disregarded INTERNAL REVENUE CODE section 7602, subsection (d), paragraph (1),
     26 USC 2 7602(d)(1).

4    LXXIII. COUNT SIXTY-EIGHT

5        By agency action described in paragraph IV. MM, 3, e.g., failure to give notice of Third

6    Party Summons to First Premier Mortgage – Roger Carl Davis: defendant, through its
     Special Agent James "Tony" Strother, disregarded section 7609 of the Internal Revenue

7    Code of 1986, 68A Stat 1, § 7609.

8    LXXIV. COUNT SIXTY-NINE

9        By agency action described in paragraphs IV. MM.5, e.g., failure to give the notice
     required in retaliation for our Attorney's TIGTA complaint: defendant, through its

10   Special Agent James "Tony" Strother, disregarded section 1203(b)___ of the RRA.

11   LXXV. COUNT SEVENTY

12       By agency action described in paragraphs IV. OO. 1, 2, e.g., attempting the use of an
     administrative summons for purposes of criminal investigation/prosecution: defendant,

13   through its Special Agent James "Tony" Strother, disregarded INTERNAL REVENUE

14   CODE section 7602, subsection (d), paragraph (1), 26 USC 2 7602(d)(1).

15   LXXVI. COUNT SEVENTY-ONE

16       By agency action described in paragraphs IV. OO. 1, 2, e.g., attempting the use of Third
     Party Summons to The Farmhouse Restaurant - Jo Elaine Davis, for purposes of criminal

17   investigation/prosecution: defendant, through its Special Agent James "Tony" Strother,

18   disregarded INTERNAL REVENUE CODE section 7602, subsection (d), paragraph (1),
     26 USC 2 7602(d)(1).

19   LXXVII. COUNT SEVENTY-TWO

20       By agency action described in paragraph IV. OO, 3, e.g., failure to give notice of Third

21   Party Summons to The Farmhouse Restaurant - Jo Elaine Davis: defendant, through its
     Special Agent James "Tony" Strother, disregarded section 7609 of the Internal Revenue

22   Code of 1986, 68A Stat 1, § 7609.

23   LXXVIII. COUNT SEVENTY-THREE

24       By agency action described in paragraphs IV. OO.5, e.g., failure to give the notice

1    required in retaliation for our Attorney's TIGTA complaint: defendant, through its

2    Special Agent James "Tony" Strother, disregarded section 1203(b)___ of the RRA.

LXXIX.COUNT SEVENTY-FOUR

3    By agency action described in paragraphs IV. PP. 1, 2, e.g., attempting the use of an

4    administrative summons for purposes of criminal investigation/prosecution: defendant,

5    through its Special Agent James "Tony" Strother, disregarded INTERNAL REVENUE

6    CODE section 7602, subsection (d), paragraph (1), 26 USC 2 7602(d)(1).

LXXX. COUNT SEVENTY-FIVE

7    By agency action described in paragraphs IV. PP. 1, 2, e.g., attempting the use of Third

8    Party Summons to The Farmhouse Restaurant - Jo Elaine Davis, for purposes of criminal

9    investigation/prosecution: defendant, through its Special Agent James "Tony" Strother,

10   disregarded INTERNAL REVENUE CODE section 7602, subsection (d), paragraph (1),

11   26 USC 2 7602(d)(1).

12   LXXXI. COUNT SEVENTY-SIX

13   By agency action described in paragraph IV. PP, 3, e.g., failure to give notice of Third

14   Party Summons to The Farmhouse Restaurant – Roger Carl Davis: defendant, through its

     Special Agent James "Tony" Strother, disregarded section 7609 of the Internal Revenue

15   Code of 1986, 68A Stat 1, § 7609.

16   LXXXII. COUNT SEVENTY-SEVEN

17   By agency action described in paragraphs IV. PP.5, e.g., failure to give the notice

     required in retaliation for our Attorney's TIGTA complaint: defendant, through its

18   Special Agent James "Tony" Strother, disregarded section 1203(b)___ of the RRA.

19   LXXXIII.COUNT SEVENTY-EIGHT

20   By agency action described in paragraphs IV. PP. 1, 2, e.g., attempting the use of Third

     Party Summons to The Farmhouse Restaurant - Jo Elaine Davis, for purposes of

21   criminal investigation/prosecution: defendant, through its Special Agent James "Tony"

22   Strother, disregarded INTERNAL REVENUE CODE section 7602, subsection (d),

     paragraph (1), 26 USC 2 7602(d)(1).

23   LXXXIV.COUNT SEVENTY-NINE

24

By agency action described in paragraphs IV. QQ. 1, 2, e.g., attempting the use of Third Party Summons to Oak Bluff Management Trust, for purposes of criminal investigation/prosecution: defendant, through its Special Agent James "Tony" Strother, disregarded INTERNAL REVENUE CODE section 7602, subsection (d), paragraph (1), 26 USC 2 7602(d)(1).

## LXXXV. COUNT EIGHTY

By agency action described in paragraph IV. QQ. 3, e.g., failure to give notice of Third Party Summons to Oak Bluff Management Trust – Jo Elaine Davis: defendant, through its Special Agent James "Tony" Strother, disregarded section 7609 of the Internal Revenue Code of 1986, 68A Stat 1, § 7609.

## LXXXVI. COUNT EIGHTY ONE

By agency action described in paragraphs IV. QQ.5, e.g., failure to give the notice required in retaliation for our Attorney's TIGTA complaint: defendant, through its Special Agent James "Tony" Strother, disregarded section 1203(b)___ of the RRA.

## LXXXVII. SUMMARY

A.     Violations of section 7214 of the Internal Revenue Code of 1986, *68A stat 3, § 7214*, call for a violator thereof to be,

> "dismissed from office or discharged from employment and, upon conviction thereof, shall be fined not more than $10,000, or imprisoned not more than 5 years, or both and. The court also shall render judgment against the said officer or employee for the amount of damages sustained in favor of the party injured, to be collected by execution."

The judiciary, understanding the abuses of office and power that has erupted in this system of judicial determination so eloquently espoused:

> "*Decency, security and liberty alike demand that government officials shall be subjected to the same rules of conduct that are commands to the citizen. In a government of laws, existence of the government will be imperiled if it fails to observe the law scrupulously*". [...Our Government is the potent, the omnipresent teacher. For good or for ill, it teaches the whole people by its example...] Crime is contagious. *If the Government becomes a lawbreaker, it breeds contempt for law; it invites every man to become a law unto himself; it invites anarchy*. To declare that, in the administration of the criminal law, the end justifies the means -

- to declare that the Government may commit crimes in order to secure the conviction of a private criminal — would bring terrible retribution. Against that pernicious doctrine this Court should resolutely set its face. *Olmstead v. United States, 277 U.S. 438 (1928)*

WHEREFORE, Plaintiffs Carl Roger Davis and Jo Elaine Davis seek relief in the following particulars:

1.1    Set this matter for trial by jury.

1.2    Determination that the defendant's principals, officers, agents, rogue agents and/or employees of the Internal Revenue Service in connection with the collection of Federal tax from the plaintiff(s), recklessly, intentionally or by reason of negligence, disregarded any provision of Title 26 United States Code and/or any regulation promulgated under Title 26 United State Code.

1.3    Determination of the amount of damages plaintiff(s) is/are entitled to amend the reprehensible, egregious, and vexatious behavior of the defendant.

1.4    Refund of all un-assessed taxes, return of all seized property, return of all levied funds and an order requiring defendant's principals, officers, agents, rogue agents and/or employees to cease disregarding any provision of Title 26 United States Code and/or regulation promulgated under Title 26 United States Code.

1.5    The rule of law justly require this Court's Order enjoining the Internal Revenue Service, its officer, employees and anyone working or acting in behalf of the IRS, including any and all U.S. attorneys, employees of the Department of Justice from engaging in any further collection activity whether civil or criminal until all claims are fully resolved, and the return of all sums wrongfully collected if any.

1.6    Further relief as the Court deems just and proper.

Respectfully submitted by:

1

VERIFICATION

2

I, Carl Roger Davis and Jo Elaine Davis declare under penalty of perjury

3

under the laws of the United States of America that the foregoing is true and corrected and that

4

this was entered this 21st day of December 16, 2005.

5

6

Roger Carl Davis

7

8

Jo Elaine Davis

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

Carl Roger Davis and
Jo Elaine Davis
P.O. Box 6207
Branson, Missouri

Plaintiff Citizens In Party
Judiciary Act of 1789 § 35

# District Court of the United States[1]
# District of Columbia

Carl Roger Davis and Jo Elaine Davis,　　　　　Case No:

　　　　Plaintiffs,　　　　　　　　　　　　A-F-F-I-D-A-V-I-T
　　　　　　　　　　　　　　　　　　　of Carl Roger Davis and Jo Elaine Davis

UNITED STATES [GOVERNMENT]

　　　　Respondent.

State of Missouri　　　　　)
　　　　　　　　　　　　　)　　ss.
County of _Taney_　　　　　)

　　　　I, Carl Roger Davis and Jo Elaine Davis, have personal knowledge of the facts contained herein, and are competent to testify to said facts:

1.　　On or about October 25, 2000, our Attorney, Milton Baxley, filed a notice of due process violations with the Internal Revenue Service District Director in Oklahoma City, Oklahoma. (See **Exhibit A1-3**.)

2.　　Attorney Baxley provided an opportunity to the said District Director to produce competent evidence of defendant's compliance, through its agent, with section 6001, subsection (d) of the Internal Revenue Code, *Vol 68A, Stat 1, § 6001(d)*, and, authority for operation of sections 6201, 6321, and 6331, *Vol 68A, Stat 1, §§ 6201, 6321, 6331*, upon those denied the notice mandated in section 6001, subsection (d).

3.　　The said District Director failed to produce competent evidence of defendant's

---

[1] As designated in Title 26, United States Code, § 7433.

AFFIDAVIT IN SUPPORT　　　　　1 of 6
OF COMPLAINT

05 2474

**FILED**
DEC 2 3 2005

Carl Roger Davis and Jo Elaine Davis
Notary page 6: Today's **Exhibit**
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

compliance with section 6001, subsection (d) of the Internal Revenue Code, *Vol 68A, Stat 1, § 6001(d)*, in response to our attorney Baxley's correspondence.

4. The said District Director failed to produce competent evidence of authority for operation of sections 6201, 6321, and 6331, *Vol 68A, Stat 1, §§ 6201, 6321, 6331* upon those denied the notice mandated in *Vol 68A, Stat 1, § 6001(d)*.

5. On or about November 8, 2000, Attorney Baxley filed a complaint with the Treasury Inspector General Tax Administration regarding the failure of said District Director to produce competent evidence of defendant's compliance with section 6001, subsection (d) of the Internal Revenue Code (See **Exhibit A4-6.**)

6. TIGTA acknowledged the complaint on Jan 19, 2001. To our knowledge, TIGTA took no affirmative steps to address the complaint.

7. On or about October 8, 2001, our CPA, Bryan Malatesta, provided an opportunity to the Internal Revenue Service Chief, Automated Collection System, in Kansas City, Kansas, to produce competent evidence that said Chief was acting within the bounds of authority and of claims made in a CP 71A, regarding 1992, 1993, and 1994. (See **Exhibit A7-8.**)

8. The Chief, Automated Collection System, failed to produce competent evidence of defendant's claims for 1992, 1993, and 1994, in response to CPA Malatesta's correspondence.

9. On or about October 22, 2001, Attorney Baxley filed a notice of due process violations with the Internal Revenue Service Center Director in Kansas City, and provided an opportunity to the said Service Center Director to produce competent evidence of claims made in a CP71D, regarding 1992, 1993, and 1994. (See **Exhibit A9-10.**)

10. Said Service Center Director failed to produce competent evidence of defendant's claims for 1992, 1993, and 1994.

11. On or about November 12, 2001, Attorney Baxley filed a Complaint of due process violations with the Internal Revenue Service General Counsel, regarding the failures of the Service Center Director and the Chief, Automated Collection System, to produce competent evidence of authority or claims. (See **Exhibit A11-13.**)

12. Said General Counsel failed to respond, or to produce competent evidence of defendant's claims for 1992, 1993, and 1994.

13. On or about June 18, 2002, an individual identifying himself as Internal Revenue Agent

Timothy E. Noonan contacted Carl Roger Davis, who told him to contact Attorney Baxley.

14. On or about June 19, 2002, the individual identifying himself as Internal Revenue Agent Timothy E. Noonan sent a notice of appointment to Carl Roger Davis, setting a date of July 1, 2002, to discuss alleged tax years 1999 and 2000.

15. On or about July 1, 2002, the individual identifying himself as Internal Revenue Agent Timothy E. Noonan sent a notice of his intent to contact other persons regarding the information sought by appointment.

16. On or about July 8, 2002, Attorney Baxley notified Noonan that unauthorized disclosure is a violation of section 6103 of the Internal Revenue Code, *68A Stat 1, § 6103*, objecting to third party contacts. (See **Exhibit A14-18.**)

17. Attorney Baxley notified Noonan of Internal Revenue Code section 7602's implementation through Title 27, Code of Federal Regulations; and of a possible action for damages under Internal Revenue Code section 7431.

18. Attorney Baxley notified also notified Noonan that section 1203 of the IRS Restructuring and Reform Act of 1998 called for termination for misconduct for violations of rights found in the Constitution, and the Internal Revenue Code, including unauthorized disclosure.

19. The individual identifying himself as Internal Revenue Agent Timothy E. Noonan failed to respond.

20. On or about July 8, 2002, Attorney Baxley responded to Noonan's offer of a Collection Due Process hearing.[2] (See **Exhibit A19-20.**)

21. The individual identifying himself as Internal Revenue Agent Timothy E. Noonan failed to respond.

22. On or about July 22, 2002, the individual identifying himself as Internal Revenue Agent Timothy E. Noonan sent a notice of appointment to Carl Roger Davis, setting a date of July 29, 2002, to discuss alleged additional tax years 1995 through 1998 and 2001.

23. On or about July 26, 2002, Attorney Baxley notified Noonan that section 2 of Title 31, Code of Federal Regulations, Part 1, Subpart C, Appendix B, called for Noonan to provide access to records of Noonan's authority, including his oath of office, commission, and bond, and requesting same. (See **Exhibit A21-24.**)

---

[2] We have no copy of such offer.

24. The individual identifying himself as Internal Revenue Agent Timothy E. Noonan failed to respond.

25. On or about July 29, 2002, Noonan continued his harassment, "rescheduling" his "appointment" for August 5, 2005.

26. On or about August 14, 2002, Attorney Baxley filed another TIGTA complaint for Noonan's failure to produce evidence of his enforcement authority as required by law when demanded. (See **Exhibit A-9**.)

27. TIGTA failed to respond.

28. On or about December 12, 2002, the individual identifying himself as Internal Revenue Agent Timothy E. Noonan issued Third Party Summonses "In the matter of Carl Roger Davis…" regarding the following entities:

   A.    Trans Union Corporation;
   B.    CSC Credit Services;
   C.    Experian; and
   D.    Martin Enterprises;

seeking testimony and records. (See **Exhibit B 1-4**.)

29. On or about December 12, 2002, the individual identifying himself as Internal Revenue Agent Timothy E. Noonan issued Third Party Summonses "In the matter of Jo Elaine Davis…" to Martin Enterprises; seeking testimony and records. (See **Exhibit B5**.)

30. Internal Revenue Agent Timothy E. Noonan failed to notify Affiant's of the issuance of such Third Party Summons, as required by section 7609 of the Internal Revenue Code of 1986, *68A Stat 1, § 7609*.

31. On or about May 18, 2004, an individual identifying himself as Internal Revenue Special Agent James "Tony" Strother (sic) issued Third Party "In the Matter of Carl Roger Davis…" to the following entities:

   A.    Annette's Bookkeeping Services, Inc;
   B.    Jeffrey Long, CPA;
   C.    Ozark Mountain Bank;
   D.    Branson Bank;
   E.    Roger Carl Davis;
   F.    Oak Bluff Management Trust;
   G.    Hattie's Trust;
   H.    Phoenix Trust;
   I.     R.C.D. Investments;
   J.    R.C.D. Marketing Group;
   K.    Goody Trust;

AFFIDAVIT IN SUPPORT                4 of 6                Carl Roger Davis and Jo Elaine Davis
OF COMPLAINT                                              Notary page 6: Total Exhibits

L.    Farmhouse Trust;
M.    Chariots Trust;
N.    Branson Mountain Trust;
O.    Bottom Line Employee Services of Missouri, Inc.;
P.    Attic Creek Holding Co.;
Q.    American Financial Services Trust;
R.    AG Impact Management, Inc.;
S.    Arizona Trust;
T.    First Premier Mortgage; and
U.    The Farmhouse Restaurant;

seeking testimony and records for a planned criminal investigation. (See **Exhibit B6-26.**)

32.    On or about May 18, 2004, an individual identifying himself as Internal Revenue Special Agent James "Tony" Strother (sic) issued Third Party "In the Matter of Jo Elaine Davis..." to the following entities:

A.    The Farmhouse Restaurant;
B.    Oak Bluff Management Trust;
C.    Jo Elaine Davis;

seeking testimony and records for a planned criminal investigation (See **Exhibit B27-29**).

31.    On or about November 22, 2004, Internal Revenue Special Agent James Strother obtained a Search Warrant in Case # 04-2419-JCE-01, to search for the records sought by Noonan.

32.    No Affidavit in support of said search warrant or summons have been produced.

33.    On or about January 28, 2005, Affiant's served with subpoenaes to testify before grand jury 2004R01281-01 investigating "possible violations of Title 26, United States Code, Sections (sic) 7201."

34.    Affiant's are now targets of that investigation based, upon information and belief, on records which Internal Revenue Agent Noonan withheld in violation of Internal Revenue Code section 6103, 6203; the Federal Records Act; and the Administrative Procedure Act.

Further AFFIANTS saith not.

In good faith I/We Carl Roger Davis and Jo Elaine Davis, declare under penalty of perjury that the statements made in this affidavit are true and correct to the best of our knowledge and belief.

_Carl Roger Davis, Affiant_

_Jo Elaine, Affiant_

## ACKNOWLEDGMENT

State of Missouri          )
                           ) Subscribed and Sworn.
County of __Taney__        )

Before me, the undersigned authority, on this day appeared **Carl Roger Davis and Jo Elaine Davis** known to me to be the person whose name is/are subscribed to the foregoing instrument, and acknowledged to me that he/she/they executed the instrument for the purposes and consideration expressed in the instrument.

Given under my hand and seal of office on __December 21, 05__ [date].

[Notarial Seal:]

_Lori Ward_
Notary's Signature

My Commission Expires: __10-16-07__

LORI WARD
Notary Public - Notary Seal
STATE OF MISSOURI
Taney County
My Commission Expires Oct. 16, 2007

**Attachments:**

**EXHIBITS A:** ATTORNEY CORRESPONDENCE WITH IRS
**EXHIBITS B:** IRS 2039 SUMMONSES

AFFIDAVIT IN SUPPORT          6 of 6          Carl Roger Davis and Jo Elaine Davis
OF COMPLAINT                                 Notary page 6: Total Exhibits