## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| CARL ROGER DAVIS, | ) | |
| JO ELAINE DAVIS, | ) | |
|       Plaintiffs, | ) | No. 1:05-cv-02474 (RMC) |
| | ) | |
|   v. | ) | |
| | ) | |
| UNITED STATES, | ) | |
| | ) | |
|       Defendant. | | |

### UNITED STATES' MOTION TO DISMISS

Under Fed. R. Civ. P. 12(b)(1), (2), (3), (5), and (6), the United States respectfully requests that the Court dismiss this action. As grounds for this motion, the United States asserts that this Court lacks subject-matter jurisdiction over plaintiffs' refund claim, venue in this Court is improper, the Anti-Injunction Act bars the injunctive relief plaintiffs seek, and plaintiffs failed to serve the Internal Revenue Service.

Specifically, plaintiffs failed to allege that they paid the federal taxes due and filed a claim for refund. Both are required before the United States' sovereign immunity is waived. 26 U.S.C. § 7422; Flora v. United States, 362 U.S. 145, 177 (1960). Since plaintiffs have not so alleged, this Court lacks subject-matter jurisdiction. Moreover, plaintiffs are residents of Missouri (Compl. ¶ 1) and request the refund of federal taxes. (Compl. Prayer for Relief ¶ 1.4.) Under 28 U.S.C. § 1402(a), venue is proper only in the judicial district in which the plaintiffs reside. Inasmuch as plaintiffs are residents of Missouri, venue in this Court is lacking. In addition it appears that plaintiffs seek to enjoin the Internal Revenue Service from engaging in any further

collection activity. (Compl. Prayer for Relief ¶ 1.5). Under 26 U.S.C. § 7421(a), no suit may be maintained restraining the assessment and collection taxes. Thus, this Court may not grant injunctive relief. Finally, plaintiffs have failed to state a claim for damages. Plaintiffs have not alleged sufficient facts to demonstrate that they are entitled to any relief. Moreover, they have failed to demonstrate that they filed an administrative claim for damages, which is required before the United States' sovereign immunity is waived. See 26 U.S.C. § 7433(a); McGuirl v. United States, 360 F. Supp.2d 125, 128 (D.D.C. 2004).

A supporting memorandum of law and proposed order are filed with this motion.

DATED: March 20, 2006.

Respectfully submitted,

/s/ Beatriz T. Saiz
BEATRIZ T. SAIZ
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 227
Ben Franklin Station
Washington, DC 20044
Phone/Fax: (202) 307-6585/514-6866
Email: Beatriz T.Saiz@usdoj.gov

OF COUNSEL:
KENNETH L. WAINSTEIN
United States Attorney

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CARL ROGER DAVIS,                         )
JO ELAINE DAVIS,                          )
        Plaintiffs,                 )    No. 1:05-cv-02474 (RMC)
                         )
        v.                          )
                         )
UNITED STATES,                            )
                         )
        Defendant.

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF UNITED STATES' MOTION TO DISMISS

The relief plaintiffs request in their complaint is a refund of federal taxes they allege were illegally or erroneously collected (Compl. Prayer for Relief ¶ 1.4), an order enjoining the Internal Revenue Service from engaging in further collection activity (Compl. Prayer for Relief ¶ 1.5), and unspecified damages for alleged violations of 26 U.S.C. § 7433 (Compl. Prayer for Relief ¶ 1.3). To the extent plaintiffs seek a "[r]efund of all unassessed taxes" (Compl. Prayer for Relief ¶ 1.5), and an order enjoining the Internal Revenue Service from engaging in any further collection activity (Compl. Prayer for Relief ¶1.5), this Court cannot grant the requested relief.

### This Court Lacks Subject-Matter Jurisdiction Over Refund Claim

This Court does not have jurisdiction over plaintiffs' claim for a tax refund. Plaintiffs do not allege that they have either filed a claim for refund or fully paid the federal taxes. Both are necessary to waive the United States' sovereign immunity. See United States v. Dalm, 494 U.S. 596, 601-02 (1990) (a claim for refund is necessary before

-3-

filing a suit for a tax refund); 26 U.S.C. § 7422 (same); <u>Flora v. United States</u>, 362 U.S. 145, 177 (1960) (payment in full is required before filing a suit for a tax refund); <u>Vanskiver v. Rossotti</u>, 2001WL361470, *1 (D.D.C. 2001) (same).  Plaintiffs have the burden to show that sovereign immunity has been waived.  <u>See</u>, <u>e.g.</u>, <u>Paradyne Corp. v. U.S. Dept. of Justice</u>, 647 F. Supp. 1228, 1231 (D.D.C. 1986) (citing <u>United States v. Sherwood</u>, 312 U.S. 584, 586 (1941)).  Under 26 U.S.C. § 7422, "[n]o suit or proceeding shall be maintained in any court for the recovery of an internal revenue tax alleged to have been erroneously or illegally assessed or collected . . . until a claim for refund or credit has been duly filed . . . ."  26 U.S.C. § 7422(a).  Since plaintiffs have not even alleged that they filed a timely claim for refund or that they fully paid their tax liabilities, this Court lacks jurisdiction.  <u>See</u> <u>Dalm</u>, 494 U.S. at 601-02; <u>Flora</u>, 362 U.S. at 177.

      Because plaintiffs have not alleged that they filed a claim for refund and fully paid the federal taxes, the United States' sovereign immunity has not been waived, and this Court lacks subject-matter jurisdiction over their claim for a refund.

<u>Venue is Improper</u>

Under 28 U.S.C. §§ 1402(a)(1) & 1346(a), venue for a refund suit is proper only in the judicial district in which the plaintiffs reside.  Inasmuch as plaintiffs were residents of Missouri (Compl. ¶ 1), venue in this Court is improper.

Under 28 U.S.C. § 1406, this Court has the discretion to dismiss the case for lack of venue, or "in the interests of justice," to transfer it "to any district or division in

which it could have been brought."   28 U.S.C. § 1406(a).  The interests of justice do not

require transferring this case, and in fact weigh against it.  Plaintiffs' complaint alleges

no facts to warrant transfer.  As explained above, plaintiffs' failure to allege that they

filed a proper claim for refund or fully paid the taxes due deprives <u>any</u> federal court of

subject-matter jurisdiction.  <u>See</u> <u>Dalm</u>, 494 U.S. at 601-02; <u>Flora</u>,  362 U.S. at 177.  Further,

the complaint alleges inadequate facts to support a claim for damages under 26 U.S.C. §

7433, and no court has authority to grant plaintiffs the injunctive relief they seek.  Thus,

because venue is lacking in this Court, and the interests of justice do not favor transfer

to Missouri, the Court should dismiss this case.  <u>See</u> Fed. R. Civ. P. 12(b)(3).

<u>Plaintiffs' Request for Injunction Is Barred by the Anti-Injunction Act</u>

It appears plaintiffs seek an order enjoining the Internal Revenue Service from

engaging in any further collection activities.  (Compl. Prayer for Relief ¶ 1.5).  Such

injunctive relief is barred by the Anti-Injunction Act (26 U.S.C. § 7421).  The Act

specifies that no court shall exercise jurisdiction over a suit for the "purpose of

restraining the assessment or collection of any tax," as is the patent purpose of

plaintiff's claim.  <u>See</u> 26 U.S.C. § 7421(a).  Thus, the Act precludes this Court from

exercising jurisdiction over any action, such as this one, which seeks to enjoin the

collection of taxes.  <u>See</u> <u>Foodservice & Lodging Institute, Inc. v. Reagan</u>, 809 F.2d 842,

844-45 (D.C. Cir. 1987); <u>American Federation of Gov't Employees, AFL-CIO v. United</u>

<u>States</u>, 660 F. Supp. 12, 13 (D.D.C. 1987).

Although the Supreme Court has recognized a narrow, judicial exception to

§ 7421, the exception is inapplicable to the present case.  In Enochs v. Williams Packing & Navigation Co., 370 U.S. 1, 7 (1962), the Supreme Court decided that the Anti-Injunction Act would not apply (1) if, when the facts and law are examined in the light most favorable to the government, under no circumstances could the government prevail, and (2) equity jurisdiction otherwise existed.  See Flynn v. United States, 786 F.2d 586, 589 (3d Cir. 1986).  The burden is on the plaintiffs to demonstrate that their suit falls within the purview of the judicially-created exception to the Anti-Injunction Act.  Bowers v. United States, 423 F.2d 1207, 1208 (5th Cir. 1970).

Plaintiffs cannot demonstrate that under the circumstances of this case, the government could never prevail.  Plaintiffs allege that the Internal Revenue Service acted improperly, but do not identify the specific tax years at issue, the type of tax, amounts or dates of alleged "wrongful" collection, specifics as to the alleged wrongdoing by the Internal Revenue Service, or other facts which identify wrongdoing and their entitlement to relief.  Primarily they merely express their dissatisfaction that the Internal Revenue Service is attempting to collect their unpaid taxes.[1]/

As for the second prong, plaintiffs have failed to demonstrate the existence of equitable jurisdiction.  Plaintiffs must show that there is irreparable injury and inadequacy of legal remedies.  See Foodservice & Lodging Institute, 809 F.2d at 844-45; Flynn , 766 F.2d at 598.  In certain situations, plaintiffs can temporarily forestall

---

[1]/  An allegation conceding that taxes have not been fully paid is fatal to a suit for refund.  See Flora, 362 U.S. at 177.

collection — which is the ultimate relief they request— by requesting a "collection due process hearing" with the Internal Revenue Service.  See 26 U.S.C. § 6330.  Moreover, they can fully pay the taxes and then file a claim for refund.  Because the Internal Revenue Code provides administrative procedures by which they can obtain relief, there is no equitable jurisdiction.  Accordingly, the second prong of the Enochs test fails.

In sum, this Court lacks jurisdiction over plaintiffs' request for injunctive relief because such relief is barred by the Anti-Injunction Act.  Plaintiffs have not established the extraordinary circumstances that may justify issuing an injunction under the judicial exception.  Thus, the Court should dismiss this case.

<u>This Court Lacks Subject-Matter Jurisdiction Over Damages Claim</u>

Plaintiffs purport to state a claim for damages under 26 U.S.C. § 7433, and seek unspecified damages (Compl. Prayer for Relief ¶ 1.3).  This Court does not have jurisdiction over plaintiffs' section 7433 claim because they failed to demonstrate that they filed an administrative claim for damages with the Internal Revenue Service.  As previously mentioned, the party bringing suit must show that the United States has unequivocally waived its sovereign immunity.  McGuirl v. United States, 360 F. Supp.2d 125, 128 (D.D.C. 2004) (citing McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 182-83 (1936); West v. F.A.A., 830 F.2d 1044, 1046 (9th Cir. 1987).  Section 7433 of the Internal Revenue Code (26 U.S.C.) provides the predicates for the United States' waiver of sovereign immunity with respect to suits for wrongful collection actions.  The Court lacks jurisdiction over the plaintiffs' claims because the predicates of section 7433

have not been met.

Under section 7433(a), prior to bringing a suit in federal district court for damages for the unauthorized collection of taxes, a taxpayer must exhaust his administrative remedies.  26 U.S.C. § 7433(a).  "A judgment for damages shall not be awarded under [7433] subsection (b) *unless the court determines that the plaintiff has exhausted the administrative remedies available to such plaintiff within the Internal Revenue Service.*"  26 U.S.C. § 7433(d)(1) (emphasis added).

The Secretary of the Treasury has promulgated regulations governing the administrative claim for damages under section 7433.  See 26 C.F.R. § 301.7433-1(e).  The regulations provide that

> *An administrative claim for the lesser of $1,000,000 ($100,000 in the case of negligence) or actual, direct economic damages, as defined in paragraph (b) of this section [7433] shall be sent in writing* to the Area Director, Attn: Compliance Technical Support Manager of the area in which the taxpayer currently resides.

26 C.F.R. § 301.7433-1(e)(1) (emphasis added).  The taxpayer must send a written administrative claim for damages to the area director in the district in which the taxpayer lives and include the following: (1) the grounds for the claim; (2) a description of the injuries incurred by the taxpayer; (3) the dollar amount of the claim, including any damages not yet incurred but that are reasonably foreseeable; and (4) the signature of the taxpayer.  26 C.F.R. § 301.7433-1(e)(1) and (2).  Failure to comply with this regulation deprives a court of jurisdiction.  See McGuirl v. United States, 360 F. Supp.2d 125, 128 (D.D.C. 2004); Venen v. United States, 38 F.3d 100, 103 (3d Cir. 1994); Conforte

v. United States, 979 F.2d 1375 (9th Cir. 1992).

Here, plaintiffs have not alleged that they filed a written claim with the area director which complies with the requirements of the regulations. Therefore, plaintiffs have not met their burden to prove that the United States has unequivocally waived its sovereign immunity. Because plaintiffs have not met their burden to prove exhaustion of administrative remedies, this Court does not have jurisdiction over his section 7433 claim, and the Court should dismiss the complaint.

Plaintiffs Have Failed to State a Damages Claim

Plaintiffs purport to state a claim for damages under 26 U.S.C. § 7433, and seek unspecified damages (Compl. Prayer for Relief ¶ 1.3). Plaintiffs' complaint is legally insufficient, and should be dismissed under Fed. R. Civ. P. 12(b)(6). Section 7433 permits a taxpayer to bring a civil action for damages against the government "[i]f, in connection with the collection of federal tax with respect to a taxpayer, any officer or employee of the Internal Revenue Service recklessly or intentionally disregards any provision of the [Internal Revenue Code] or any regulation promulgated" thereunder. 26 U.S.C. § 7433. Under Rule 8(a), a complaint need only contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). But, here, there are no facts in the plaintiffs' complaint to support a claim for damages, and thus, this Court should conclude that they have not in fact stated such a claim. For example, plaintiffs do not state what specific tax years are at issue, the type of tax, or the amount in dispute nor do they describe the injuries they allegedly incurred. In fact, no

facts are alleged which establish that "any officer or employee of the [IRS] recklessly or intentionally disregard[ed] any provision of the [Code]." 26 U.S.C. § 7433. Because plaintiffs have failed to state a claim upon which relief can be granted, this Court should dismiss this case.

<u>The Court Lacks Personal Jurisdiction over the United States</u>

In order to effect proper service on the United States, the plaintiffs must obtain summonses and serve the summonses and complaint on the United States Attorney for the District of Columbia, the Attorney General for the United States, and the Internal Revenue Service. <u>See</u> Fed. R. Civ. P. (4)(i)(1) and (2). Service of a summons and complaint in the manner provided by Fed. R. Civ. P. 4 is both mandatory and jurisdictional. <u>See</u> <u>Moncrief v. Stone</u>, 961 F.2d 595 (6th Cir. 1992) (dismissing suit for failing to serve United States Attorney). Upon information and belief, plaintiffs have not served the Internal Revenue Service with a summons and copy of the complaint. Since plaintiffs have failed to properly serve the United States, plaintiffs' complaint should be dismissed for insufficiency of service of process pursuant to Fed. R. Civ. P. 12(b)(5).

In addition, this Court does not have personal jurisdiction over the United States, because the United States has not been properly served. The Court acquires personal jurisdiction over a defendant only if the defendant is properly served. <u>Omni Capital International, Ltd. v. Rudolf Wolff & Co., Ltd.</u>, 484 U.S. 97, 104 (1987); <u>see also</u> <u>United Electrical, Radio & Machine Workers of America v. 163 Pleasant Street Corp.</u>, 960 F.2d

-10-

1080, 1085 (1st Cir. 1992) ("[T]hough personal jurisdiction and service of process are distinguishable, they are inextricably intertwined, since service of process constitutes the vehicle by which the court obtains jurisdiction." (citing Lorelei Corp. v. County of Guadalupe, 940 F.2d 717, 719 (1st Cir. 1991)); Amen v. Dearborn, 532 F.2d 554, 557 (6th Cir. 1976) ("Axiomatically, due process requires proper service of process in order to obtain in personam jurisdiction [].").  Since the plaintiffs have not properly served the United States, the Court lacks personal jurisdiction and should dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(2).

## CONCLUSION

This Court does not have subject-matter jurisdiction over plaintiffs' claim for a tax refund because plaintiffs have failed to prove that they filed a claim for refund and paid the taxes due.  Likewise, the Anti-Injunction Act prohibits an injunction against the further collection of plaintiffs' taxes.  Further, venue is not proper in this Court for a tax refund because plaintiffs reside in Missouri. Also, plaintiffs have failed to allege that they filed an administrative claim for damages and have failed to state a claim for damages.  Finally, plaintiffs did not serve the Internal Revenue Service with a copy of the summons and complaint, thus the Court lacks personal jurisdiction over the United States.  For all these reasons, the Court should dismiss this action.

DATED: March 20, 2006.

                             Respectfully submitted,

                             /s/ Beatriz T. Saiz
_____
                             BEATRIZ T. SAIZ
                             Trial Attorney, Tax Division
                             U.S. Department of Justice
                             P.O. Box 227
                             Ben Franklin Station
                             Washington, DC 20044
                             Phone/Fax: (202) 307-6585/514-6866
                             Email: Beatriz T.Saiz@usdoj.gov

OF COUNSEL:
KENNETH L. WAINSTEIN
United States Attorney

-12-