IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CARL ROGER DAVIS, ) | |
| JO ELAINE DAVIS, ) | |
|     Plaintiffs, ) | No. 1:05-cv-02474 (RMC) |
| ) | |
| v. ) | |
| ) | |
| UNITED STATES, ) | |
| ) | |
|     Defendant. | |

**UNITED STATES' REPLY IN SUPPORT OF
MOTION TO DISMISS COMPLAINT**

The United States submits this reply to address one argument raised by plaintiffs in their opposition to the motion to dismiss the complaint. The United States otherwise relies on its motion to dismiss.

STATEMENT

Plaintiffs seek damages under 26 U.S.C. § 7433. The United States moved to dismiss asserting that the Court lacks subject matter jurisdiction as plaintiffs failed to establish that they exhausted their administrative remedies as required by 26 U.S.C. § 7433.

In their opposition, plaintiffs assert that they need not exhaust their administrative remedies as the regulation for exhaustion of administrative remedies is invalid (Pl. Opp. at pp. 6-16). This argument fails. The regulation is valid. Plaintiffs assert that 26 C.F.R. § 301.7433-1 "is an unreasonable interpretation of the current statutory provision; exceeds the authority of the current statutory provision by impermissibly extending the operation of the exhaustion requirement; and, by

frustrating Congress' intent in creating, and amending, 7433; and by effectively converting a '7433 damages' claim into a '7422 refund' claim." (Pl. Opp. at p. 6.) Plaintiffs' claim of regulatory invalidity fails for two reasons.

First, because plaintiffs have not shown any attempt to comply with 26 U.S.C. § 7433's requirement to exhaust administrative remedies, their claim of regulatory invalidity is not ripe for adjudication.

Second, the regulation is valid. Chevron provides the analytical framework for considering the validity of this regulation. Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc., 476 U.S. 837 (1984). Regulations issued by an agency to interpret the application of a statute are entitled to deference as long as the regulations implement the statute in some reasonable manner. Id. at 843-45. The standard of validity is not whether the agency's construction is the *only* permissible reading, or even the "best" among permissible readings, or whether the regulation reaches a result that the court would have reached if the issue had first been presented in a judicial proceeding. See id. at 843, n.11; Nichols v. United States, 260 F.3d 637, 644 (6th Cir. 2001). Rather, if the challenged regulation represents a reasonable policy choice within an area intentionally or inadvertently left open by Congress, the regulation should be upheld. Chevron, 467 U.S. at 865-66; see also Nat'l Cable & Telecommunications Ass'n v. Brand X Internet Services, 125 S. Ct. 2688, 2699 (2005).

Under Chevron's two-step procedure, the first inquiry is whether the statute directly and conclusively addresses the precise question at issue. If the statute does not

provide the answer, being either silent or ambiguous, the next step mandates upholding the agency's interpretation as long as the agency's construction "is a reasonable policy choice for the agency to make." Chevron, 467 U.S. at 845. Congress explicitly directed the Secretary of the Treasury to issue "all needful rules and regulations" for the enforcement of the Internal Revenue Code. 26 U.S.C. § 7805(a). It is well settled that a court should ordinarily defer to the regulation if it implements the congressional mandate in some reasonable manner. National Muffler Dealers Ass'n v. United States, 440 U.S. 472, 476 (1979) (quoting United States v. Correll, 389 U.S. 299, 307 (1967)); Boulez v. Comm'r, 810 F.2d 209 (1987); Debt Buyers Ass'n v. Snow, 2006 WL 598143, * 9 (D.D.C. 2006) (Kollar-Kotelly). To determine whether the regulation carries out the congressional mandate in a reasonable manner, courts look to see whether the regulation harmonizes with the plain language of the statute, its origin, and its purpose. National Muffler Dealers Ass'n, 440 U.S. at 477.

The requirement that a party must exhaust administrative remedies prior to filing suit was contained in the first Taxpayer Bill of Rights (TBOR I). After publication of the original Treasury regulations under section 7433, courts determined that section 7433(d) was a jurisdictional bar to an action in court absent exhaustion of administrative remedies. See, e.g., Venen v. United States, 38 F.3d 100 (3d Cir. 1994). In 1996, Congress enacted TBOR II, which amended section 7433(d) to provide that failure to exhaust administrative remedies was merely a factor that the court could use to reduce a judgment. Then, in 1998, Congress enacted TBOR III which reinstated, verbatim, the

language of TBOR I, which required exhaustion of administrative remedies prior to filing suit in district court. See also H.R. Rep. 105-364, pt. 1, at 59 (1997); S. Rep. 105-174, at 49 (1998).

The language in section 7433(d)(1), as well as the legislative history, makes clear that Congress intended the Service to create an administrative scheme to allow individuals the opportunity to seek an administrative resolution of claims for damages sustained from unauthorized collection action by the Government. The rules in 26 C.F.R. § 301.7433-1 fill in the gaps of the requirement that administrative remedies be exhausted. To the extent that these rules implement the intent of Congress in some reasonable fashion, which defendants contend they do, they will be held valid under the principles articulated in Chevron.

The regulation provides a straightforward and simple administrative procedure that allows individuals to seek an administrative resolution of claims under section 7433. Paragraph (a) of the regulation reiterates the statutory requirement that a taxpayer must file an administrative claim that meets the requirements set forth in paragraph (e) and wait for the required period of time under paragraph (d) prior to filing suit in district court. 26 C.F.R. § 301.7433-1(a). The requirements described in paragraph (e) provide the proper place to file the required administrative claim, as well as the information that must be included in the claim. 26 C.F.R. § 301.7433-1(e). Specifically, a taxpayer is required to provide (1) his/her name and current contact information; (2) grounds, in reasonable detail, for the claim; (3) description of the

injuries incurred; (4) dollar amount of the claim; and (5) his/her signature or the signature of a duly authorized representative. 26 C.F.R. § 301.7433-1(e). Such information is simply basic information in order to provide the Service with adequate notice as to why a taxpayer asserts he/she is entitled to damages. From this information, the Service may investigate a taxpayer's claims and make an informed determination. Thus, the procedures described in the regulation are far from an unreasonable interpretation of Congress's mandate to create an administrative scheme to allow informal consideration of section 7433 claims prior to invoking judicial review. The regulation is plainly valid.

## CONCLUSION

For the reasons stated in the United States' motion to dismiss and the reasons stated above, the United States respectfully requests the Court grant the motion and dismiss the case.

DATED: April 24, 2006.

                                              Respectfully submitted,

                                              /s/ Beatriz T. Saiz
                                              BEATRIZ T. SAIZ
                                              Trial Attorney, Tax Division
                                              U.S. Department of Justice
                                              P.O. Box 227
                                              Ben Franklin Station
                                              Washington, DC 20044
                                              Phone/Fax: (202) 307-6585/514-6866
                                              Email: Beatriz T.Saiz@usdoj.gov

OF COUNSEL:
KENNETH L. WAINSTEIN
United States Attorney

## CERTIFICATE OF SERVICE

IT IS CERTIFIED that the UNITED STATES' REPLY IN SUPPORT OF MOTION TO DISMISS COMPLAINT was caused to be served upon the following individual(s) on April 24, 2006, by sending a copy by First Class mail, postage prepaid, addressed as follows:

>CARL ROGER DAVIS
>JO ELAINE DAVIS
>P.O. Box 6207
>Branson, MO 65615

>      /s/ Beatriz T. Saiz
>BEATRIZ T. SAIZ

1664849.1